(No. 24663.—

THE HUNT DRAINAGE DISTRICT, Appellant, *vs.* EDNA SCHWERER *et al.* Appellees.

*Opinion filed June 21, 1938—Rehearing denied October 5, 1938.*

O'HARRA, O'HARRA & ROETH, for appellant.

SCOFIELD & BELL, and CAVANAGH, LAMET & IRWIN, for appellees.

Mr. CHIEF JUSTICE SHAW delivered the opinion of the court:

The Hunt Drainage District brought a civil action in equity against the appellees seeking the appointment of a receiver for a tract of more than 400 acres of land in Hancock county, for the purpose of collecting the rents to be applied upon payment of delinquent assessments. This action was brought under section 34c1 of the Drainage act as amended in 1935. (Ill. Rev. Stat. 1937, p. 1243.) This statute provides, in substance, that when certain assessments are more than six months in default, the commissioners of the district may apply to any court of competent jurisdiction "by bill or petition" for the appointment of a receiver to collect the rents and apply them, among other things, to the payment of the delinquent assessments. The procedure for the appointment of this receiver is not described in the statute except as to certain provisions setting forth what the bill or petition must allege and that it must be verified, and being so verified shall be *prima facie* evidence of the facts therein stated. It further provides for appeal direct to this court from any judgment rendered and that

when the delinquent assessments shall have been satisfied the receiver shall be discharged and "the suit" abated.

The petition in the case which was filed in the circuit court of Hancock county contained all the statutory allegations and was duly verified. As to this no point is raised. Summons was issued, served and returned in accordance with the provisions of the Civil Practice act, and, after service, the appellees, who were defendants, appeared and filed their motion to strike upon the sole ground that the section in question was unconstitutional. It was urged that the act violated section 13 of article 4 of the State constitution as embracing more than one subject, but this point was waived. The question saved and argued was a contention that this section of the act violated the due process clause, in that it failed to contain any express provision for the giving of notice and service of summons, or for a hearing thereon. The circuit court sustained this motion and, the district having elected to stand by its petition, a formal order was entered dismissing the suit for want of equity. The appeal has been perfected directly to this court in accordance with the statute and for a review of the constitutional question.

The appellees base their constitutional argument upon the broad language of certain cases decided in this court and in the Supreme Court of the United States, without any reference to the facts being considered in those cases. Thus they quote from our language in *People* v. *Marquis,* 291 Ill. 121, where we stated the general rules as to due process requiring notice to the defendant as a matter of right and not of favor, and that a law which purports to authorize condemnation without notice, confers no authority and cannot justify a judgment, even though actual notice may, in fact, have been given. In that case we were passing upon that section of the Search and Seizure act, then in force, which purported to authorize the destruction of certain instrumentalities of the illicit handling of liquor, such

as trucks, etc., without notice to the owner. The case of *United Artists Corp.* v. *Thompson,* 339 Ill. 595, is also quoted from and relied upon. In that case we were considering the validity of an ordinance of the city of Chicago which purported to permit and require the summary destruction of certain motion-picture films without proper judicial procedure. The case of *Coe* v. *Armour Fertilizer Works,* 237 U. S. 413, 59 L. ed. 1027, is discussed in the briefs. In that case a statute of the State of Florida purported to authorize the issuance of an execution directly against a stockholder after the return of an execution unsatisfied against the corporation in which he held stock. It was held that due process required the stockholder to have his day in court on such questions as the validity of the judgment, whether or not he was a stockholder, and any other defenses personal to himself.

It will be observed that none of these cases is similar to the one at bar. In each of them the legislation in question purported to confer power upon a court to render a summary judgment against a person or property without that notice and opportunity to be heard which due process requires. The Drainage act, as amended in 1935, does not even purport to confer any such power. It must be construed in conjunction with the constitution. It is presumed to be constitutional. (*City of Chicago* v. *Ames,* 365 Ill. 529.) If two constructions are possible, one of which would sustain the act and the other render it invalid, that construction will be adopted which validates the act. (*People* v. *Clampitt,* 362 Ill. 534.) If, by a proper construction of the act, it can be said that, by implication, it requires process, it will not be declared invalid. (*Paulsen* v. *City of Portland,* 149 U. S. 30; *Tatlow* v. *Bacon,* 101 Kan. 26, 165 Pac. 835, 14 A. L. R. 269.) The act under consideration provides that the proceeding shall be by bill or petition. The proceeding is referred to as a suit. It provides for the abatement of the suit after its objects have been accom-

plished and it provides that the method of collection therein provided for shall be in lieu of and not in derrogation of any other remedy. It provides for an appeal to this court by either party. Properly construed, this act contemplates a civil proceeding in equity under all of the applicable provisions of the Civil Practice act, including the issuance and service of process. That procedure was followed by the commissioners of the district. Summons was served and the court obtained jurisdiction of the parties. The statute contemplated that these defendants should have due process of law and they have had it.

The circuit court erred in sustaining the motion to strike the petition and for that error the judgment will be reversed and the cause remanded, with directions to overrule the motion and for further proceedings in accordance with the Drainage act.

*Reversed and remanded, with directions.*