GENERAL MOTORS ACCEPTANCE CORPORATION, demandante y apelante, *v.* MARÍA PETRA BRAÑUELA y RAFAEL BUSCAGLIA, en su carácter éste de Tesorero de Puerto Rico, demandados y apelados.

Núm. 8433.—*Sometido:* Junio 16, 1942. *Resuelto:* Julio 13, 1942.

*Brown, González & Newsom* y *R. Rodríguez Antongiorgi,* abogados
de la apelante; *Hon. Procurador General George A. Malcolm* y
*Eulogio Riera, Subprocurador Auxiliar,* abogados del Tesorero
de Puerto Rico, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del
tribunal.

Caribe Motors Corporation vendió a Petra Brañuela bajo
contrato de venta condicional cierto automóvil Chevrolet que
luego fué confiscado por el Tesorero de Puerto Rico con
motivo de haberlo utilizado el chófer Juan Reyes Matías en
la transportación de treinta y cinco galones de alcohol en
violación de la "Ley de Espíritus y Bebidas Alcohólicas",
aprobada el 30 de junio de 1936 (3a. Leg. Ext., 45).

La apelante, a quien Caribe Motors Corporation había
cedido sus derechos en el contrato de venta condicional, pre-

sentó en la corte inferior contra Petra Brañuela y contra el Tesorero una solicitud de reposesión, en armonía con el procedimiento establecido por la Ley de Ventas Condicionales de Bienes Muebles y Semovientes. Alegó la celebración del contrato entre Caribe Motors Corporation y la demandada Brañuela; la cesión que de sus derechos como vendedora condicional le hiciera la Caribe Motors Corporation; la confiscación del vehículo por el Tesorero; el incumplimiento del contrato por parte de la compradora al usar o permitir que se usara el vehículo para la transportación de licores en violación de la ley; y por último, que la compradora le adeudaba por concepto del precio la cantidad de $528.12. Terminó la petición con súplica de que se ordenase al márshal se incautase del automóvil y lo entregase a la peticionaria, para que ésta procediese a disponer del mismo en armonía con la citada ley sobre ventas condicionales de bienes muebles. El día señalado para la vista compareció el Tesorero, no así la codemandada Brañuela. El tesorero admitió los hechos alegados en la petición, pero alegó que el artículo 62 de la Ley de Bebidas Alcohólicas le confiere un derecho preferente sobre el citado automóvil, alegando además que la petición no expone hechos constitutivos de causa de acción.

A base de las alegaciones expuestas, la corte inferior desestimó la petición por el fundamento de que la peticionaria había perdido todo derecho o participación en el automóvil en controversia, por haber sido confiscado por el Tesorero de Puerto Rico de conformidad con el artículo 62, supra. Estableció la peticionaria este recurso, y fundamentándolo sostiene que la interpretación que al citado artículo 62 diera la corte sentenciadora es errónea y que en la hipótesis de que no lo fuera, erró al no declarar nulo el estatuto por estar éste en conflicto con el artículo 2 de la Ley Orgánica, dispositivo de que ninguna persona será privada de su propiedad sin el debido proceso de ley. Al establecer su recurso, la peticionaria no notificó el escrito de apelación a la codemandada Brañuela, y basándose en ese alegado defecto el Teso-

rero apelado radicó una moción en este tribunal solicitando la desestimación del recurso. Dicha moción fué sometida juntamente con el recurso en sus méritos; pero como en ella se levanta una cuestión jurisdiccional que de ser sostenida nos impediría considerar el recurso en sus méritos, precisa resolver la moción en primer término.

█ ¿Es Petra Brañuela una parte adversa que pueda ser perjudicada por la sentencia que se dicte en este recurso? No objetó ella a la confiscación que hiciera el Tesorero. Tampoco se defendió del procedimiento de reposesión instado por la apelante ni instó recurso alguno contra la resolución que nos ocupa, de ese modo consintiendo implícitamente el procedimiento de confiscación. De ser confirmada la resolución apelada, quedaría en pie la confiscación consentida por ella y su situación sería la misma que si este recurso no se hubiera interpuesto. Si la resolución fuera revocada, podría beneficiarse si no se declarase al Tesorero subrogado en los derechos de ella, pues de no hacerse tal declaración podría ella adquirir lo que le correspondiese después de vendido el automóvil por la cesionaria en sustitución de la vendedora condicional y deducidas las cantidades a que la cesionaria tuviese derecho de acuerdo con la ley. Es, pues, evidente que cualquiera que sea la sentencia que este tribunal dicte, no existe posibilidad alguna de perjuicio para ella. Siendo ello así, aunque Petra Brañuela es una parte adversa al demandante, puesto que es parte demandada, no puede ser perjudicada por la sentencia en apelación y por consiguiente no era necesario notificarle la interposición del recurso.

Resuelta así la cuestión jurisdiccional, procede ahora la discusión del recurso en sus méritos.

█ Descansando como descansa principalmente la contención de la apelante en la interpretación que deba darse al citado artículo 62, está en orden transcribirlo aquí para la mejor inteligencia de la discusión:

"Art. 62. El Tesorero queda por la presente autorizado para confiscar cualquier vehículo, bote, lancha, o cualquier embarcación

marítima o aérea que se capture cargado o en el momento de cargar o de estar transportando, llevando, o trasladando espíritus destilados o bebidas alcohólicas fabricadas, importadas, destiladas o rectificadas ilegalmente y sobre los cuales no se hubieren pagado los impuestos prescritos por esta Ley; y los mismos serán vendidos en pública subasta para beneficio de El Pueblo de Puerto Rico; *Disponiéndose,* que el Tesorero, a su discreción, y si el servicio público así lo requiere, podrá designar no más de cinco (5) de dichos vehículos o botes de motor para uso de los funcionarios y agentes debidamente autorizados por el Negociado de Bebidas Alcohólicas y Narcóticos.''

El precepto transcrito es terminante en cuanto autoriza al Tesorero a confiscar cualquier vehículo, bote, etc., que se capture transportando espíritus destilados o bebidas alcohólicas sobre los cuales no se hubieren pagado los impuestos prescritos por la ley. Estatutos como el que nos ocupa han recibido distintas interpretaciones en lo que respecta a los derechos que sobre el vehículo tuvieren terceras personas que no hubieren tenido conocimiento ni consentido expresa o implícitamente en el uso ilegal de la propiedad. Tanto en su alegato como en su informe oral la apelante parte de la base de que ella no tuvo conocimiento ni en forma alguna consintió en el uso ilegal del vehículo y pretende que interpretemos el artículo 62, supra, en el sentido de que sus disposiciones no le son aplicables, y por lo tanto sus derechos no pueden ser afectados por la infracción de ley cometida por la compradora condicional o su agente. No descansa sobre una base sólida la argumentación de la apelante, pues en ninguna forma consta de los autos que ella sea el tercero inocente a que se refiere la jurisprudencia por ella invocada. El mero hecho de que la apelante sea la cesionaria de los derechos de la vendedora condicional no implica necesariamente que no haya podido tener conocimiento con anterioridad a la infracción que dió lugar a la confiscación del vehículo, de que éste fuese usado para tales fines, ni tampoco impide que expresa o implícitamente consintiera a tal uso, no reposeyéndolo del infractor.

En el presente caso la apelante no nos ha puesto en condiciones de resolver la cuestión planteada en su alegato, pues no tenemos base para asumir que sea ella un tercero inocente, y a ella—que ahora lo afirma—incumbía alegarlo y probarlo. El procedimiento establecido por la apelante es de carácter civil y no existe presunción alguna de inocencia que pudiera justificar la omisión de que antes se ha hecho referencia. Siendo ello así, no tiene la apelante más derecho que la apelada Brañuela para impedir la confiscación del vehículo.

■ Réstanos ahora considerar la última de las cuestiones planteadas. ¿Infringe el estatuto la garantía constitucional sobre debido proceso de ley? En otras palabras, ¿concede la ley al dueño o persona interesada en el vehículo el derecho de ser notificado y la oportunidad de ser oído en su defensa? Es verdad que el artículo 62 antes transcrito nada expresa sobre notificación y oportunidad de ser oído, pero el artículo 97 de la misma ley concede amplia y suficientemente esa oportunidad. Dicho artículo, en lo pertinente, dice así:

"Art. 97. Siempre que el Tesorero de Puerto Rico esté facultado por esta Ley para vender artículos o productos confiscados por él o por sus agentes, la persona agraviada podrá apelar ante la correspondiente corte de distrito, y dicha corte tendrá jurisdicción, después de ser oída la persona, para confirmar, revocar, o modificar la decisión del Tesorero. Dicha apelación deberá radicarse dentro de los diez (10) días siguientes a la fecha de la notificación a la persona interesada."

Podría argüirse que la audiencia tiene efecto después de decretada la confiscación; pero esa circunstancia es inmaterial a los efectos de la garantía constitucional que nos ocupa. Lo esencial es que la parte perjudicada tenga la oportunidad de ser oída antes de que el Tesorero disponga del vehículo. *American Surety Co.* v. *Baldwin*, 287 U. S. 156, 77 L. ed. 1289; *Chicago* v. *O'Connell*, 8 A.L.R. 916.

Es verdad que el artículo 97 no expresa en qué fecha se hará la notificación a la persona o personas interesadas, pero disponiendo dicho precepto que la apelación se interpondrá

dentro de los diez días siguientes a la notificación, tal disposición claramente implica el deber, por parte del Tesorero, de notificar a las partes interesadas, y mientras tal notificación no se verifique, no se extingue el término para apelar, y mientras esté pendiente la apelación, la confiscación no es firme y el Tesorero no puede disponer del vehículo en perjuicio de los interesados en dicha propiedad.

■ Sentados estos principios y volviendo a las alegaciones de las partes, forzoso es convenir con la corte sentenciadora en que la petición no aduce hechos constitutivos de causa de acción. La apelante, como ya hemos dicho, no expuso en forma alguna hechos que pusieran a la corte inferior en condiciones de determinar si en efecto el artículo 62, supra, no le era aplicable. No habiéndose demostrado tal estado de hechos, la situación de la apelante, conforme resulta de la petición, es a los efectos legales la misma de Petra Brañuela, y pudiéndose, a pesar de los derechos de esta última, confiscar el vehículo, también podría ser confiscado no obstante los derechos de la apelante, sin violentar en uno u otro caso el precepto claro del artículo 62. Bien pudo la apelante acogerse al derecho de apelación concedídole por el artículo 97 supra, y de ese modo estar en condiciones de exponer más clara y adecuadamente los hechos pertinentes a su defensa. No lo hizo, sin embargo, y el remedio escogido no parece ser el más apropiado.

*Procede, por lo expuesto, desestimar el recurso y confirmar la resolución apelada.*