José A. Torres Plata, demandante y apelante, *v.* Rafael Buscaglia, en su carácter de Tesorero de Puerto Rico, demandado y apelado.

Núm. 9544.—*Sometido:* Enero 13, 1948. *Resuelto:* Marzo 5, 1948.

*E. Tristani, Jr.,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández* y *Elmer Toro Lucchetti, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El Tesorero de Puerto Rico, actuando bajo la autoridad concedídale por el artículo 62(¹) de la Ley de Espíritus y Bebidas Alcohólicas (Ley núm. 6 de 30 de junio de 1936, 3ª Leg. Ext., pág. 45), confiscó un automóvil propiedad de José A. Torres Plata por haber sido sorprendido dicho vehículo, en Juana Díaz, transportando dos latas conteniendo espíritus destilados sobre las cuales no se habían pagado los arbitrios correspondientes. Dentro del término de diez días prescrito por el artículo 97 de la misma ley, (²) Torres Plata apeló para ante la Corte de Distrito de Ponce alegando: (1) que no había cometido ningún delito; (2) que no se había seguido el debido procedimiento de ley, y (3) que se había cometido un embargo arbitrario e ilegal contra la propiedad del apelante.

---

(¹)El artículo 62 dispone: "El Tesorero queda por la presente autorizado para confiscar cualquier vehículo, bote, lancha, o cualquier embarcación marítima o aérea que se capture cargado o en el momento de cargar o de estar transportando, llevando, o trasladando espíritus destilados o bebidas alcohólicas fabricadas, importadas, destiladas o rectificadas ilegalmente y sobre los cuales no se hubieren pagado los impuestos prescritos por esta Ley; y los mismos serán vendidos en pública subasta para beneficio de El Pueblo de Puerto Rico; Disponiéndose, que el Tesorero, a su discreción, y si el servicio público así lo requiere, podrá designar no más de cinco (5) de dichos vehículos o botes de motor para uso de los funcionarios y agentes debidamente autorizados por el Negociado de Bebidas Alcohólicas y Narcóticos."

(²)"Artículo 97.—Siempre que el Tesorero de Puerto Rico esté facultado por esta Ley para vender artículos o productos confiscados por él o por sus agentes, la persona agraviada podrá apelar ante la correspondiente corte de distrito, y dicha corte tendrá jurisdicción, después de ser oída la persona, para confirmar, revocar, o modificar la decisión del Tesorero. Dicha apelación deberá radicarse dentro de los diez (10) días siguientes a la fecha de la notificación a la persona interesada."

El Tesorero contestó la demanda y alegó afirmativamente que el motivo por haber confiscado el automóvil fué "que el 30 de octubre de 1944, el Sr. José Ramón Mercado Rodríguez conducía por la carretera número 11, kilómetro 66 de Juana Díaz, el automóvil Buick P–4177 y al llegar a una curva fué ordenado por el Policía Insular, Luis Pérez Rivera que detuviera la marcha del citado automóvil porque no había tocado claxon; que Mercado no obedeció la orden que le fué dada por dicho Policía y por el contrario aceleró la marcha; que desde el carro hacia la carretera fueron lanzadas dos latas conteniendo ron de fabricación clandestina que no tenían los correspondientes sellos de rentas internas adheridos; que el Policía Pérez persiguió el dicho automóvil hasta un garage donde fué depositado, resultando luego que el dueño del automóvil lo era el Sr. José Angel Torres Plata ... ."

Celebrado el juicio correspondiente y después de haber practicado una inspección ocular del sitio donde fué ocupada la bebida, la corte desestimó la demanda y el querellante apeló, y en este recurso alega que la corte a quo erró al declarar que la ocupación del automóvil por la Policía en el garage del apelante y la orden dada a éste para que lo llevara al Cuartel fuera una ocupación y orden legal; al declarar válida la confiscación del automóvil sin haberse ocupado el alcohol clandestino dentro del mismo; y al declarar que el apelado probó los hechos esenciales justificativos de la confiscación.

Sosteniendo su primer señalamiento, arguye el apelante que la confiscación de su automóvil le priva de su propiedad sin el debido procedimiento de ley, ya que fué ocupado por el policía sin una orden legal. La prueba, creída por la corte, demostró que el apelante, a requerimiento del policía que había ocupado las latas de ron que fueron lanzadas del automóvil del apelante cuando era guiado por otra persona, llevó voluntariamente el vehículo al cuartel.

Posteriormente, el Tesorero notificó al apelante que había confiscado el automóvil y el perjudicado acogiéndose al procedimiento del artículo 97, supra, apeló ante la corte inferior—y allí se celebró un juicio plenario.

En el caso de *General Motors Acceptance Corp.* v. *Brañuela,* 60 D.P.R. 696; 61 D.P.R. 725, resolvimos que las confiscaciones que autoriza el artículo 62, supra, no infringen la garantía constitucional sobre el debido proceso de ley, debido a que el artículo 97, supra, da al dueño o persona interesada en el vehículo confiscado amplia y suficiente oportunidad de ser oído.

■■■■ No se cometió el primer error. Tampoco el segundo el cual carece de méritos. Arguye el apelante que por el hecho de no haber sido ocupadas las dos latas de alcohol dentro del automóvil éste no puede ser confiscado. Los hechos probados demuestran que al ser perseguido el automóvil del apelante por un policía en motocicleta, se lanzaron a la cuneta las dos latas las cuales al ser ocupadas contenían alcohol. El artículo 62, supra, dispone que puede confiscarse cualquier vehículo que se capture "cargado o en el momento de cargar o de estar transportando, llevando o trasladando espíritus destilados o bebidas alcohólicas, etc." Habiéndole dado crédito la corte inferior al testimonio del policía de que notó cuando desde el automóvil en movimiento se lanzaron las latas, forzoso es concluir que dichas latas se estaban transportando, llevando y trasladando dentro del vehículo. Resolver lo contrario sería hacer ineficaz el cumplimiento del mandato legislativo, ya que los transgresores de la ley podrían evadir su sanción lanzando del vehículo las bebidas clandestinas transportadas en él. En el caso de autos la corte dió crédito al testimonio del policía de que notó cuando se lanzaron las latas, éstas resultaron contener alcohol clandestino y se ocupó el vehículo que las transportaba. Esa prueba es suficiente y no alegándose que la corte sentenciadora actuara movida por pasión, prejuicio o parcialidad, y no estando convencidos de que

340

cometiera manifiesto error al apreciarla, tampoco se cometió el tercer error señalado. *Hernández* v. *Acosta,* 64 D.P.R. 171; *Castro* v. *Las Monjas Racing Corp.,* 63 D.P.R. 222; *Martínez* v. *Báez,* 63 D.P.R. 783.

No existe en este caso conflicto alguno en la prueba, ya que la del apelante no contradijo en forma alguna la presentada por el apelado y, bajo estas circunstancias, *procede la confirmación de la sentencia.*