Rosario Martínez, demandante y apelada, *v.* Rafael Buscaglia, Tesorero de Puerto Rico, demandado y apelante.

Núm. 9743.—*Sometido:* Diciembre 1, 1948. *Resuelto:* Diciembre 21, 1948.

Hon. *Procurador General Luis Negrón Fernández* y *Manuel J. Medina Aymat, Procurador General Auxiliar,* abogados del apelante; *William Morales Torres,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El Tesorero de Puerto Rico confiscó, de conformidad con la sección 62 de la Ley núm. 6 de 1936 (3ra. Leg. Extr., pág. 45), un vehículo de motor que era utilizado para transportar bebidas alcohólicas sobre las cuales no había sido pagado el arbitrio correspondiente. La dueña del vehículo recurrió a la corte inferior solicitando que se revocara la confiscación. Alegó que en consonancia con lo resuelto en el caso de *Pueblo v. Decós,* 62 D.P.R. 148, el registro a virtud del cual se descubrieron las bebidas era ilegal por haberse verificado sin una orden que lo autorizara y sin que existiese causa probable para tal registro. Concluyó que siendo éste ilegal, la confiscación era nula. El Tesorero admitió la ilegalidad del registro, pero alegó que esa circunstancia no afectaba la validez de la confiscación.

La corte inferior, basándose en el caso de *Decós,* supra, revocó la decisión del Tesorero y ordenó que el vehículo fuese devuelto a su dueña. El Tesorero apeló. La cuestión ante nos se reduce a determinar si concedida la ilegalidad del registro, la orden de confiscación es nula.

Al iniciar la discusión debemos tener presente que no estamos revisando una causa criminal en cuyo caso una sentencia basada en todo o en parte en evidencia ilegalmente obtenida y oportunamente objetada debería ser revocada.(¹) Por el contrario, estamos revisando una decisión dictada en un procedimiento *in rem* en el cual los derechos personales del dueño de la cosa no están en controversia. En consecuencia, las garantías constitucionales contra registros ilegales no tienen aplicación. *Boyd* v. *United States,* 116 U. S. 616, 623 (1886). Este punto, aunque nuevo en esta jurisdicción,(²) fué resuelto hace más de un siglo por la Corte Suprema de los Estados Unidos por voz del Juez Story en el caso *The Caledonian,* 4 Wheat. 99 (U. S., 1819), 4 L. ed. 523, en el cual se dijo que tanto bajo el derecho marítimo como por la ley común general, cualquier persona puede ocupar (*seize*) cualquier propiedad sujeta a confiscación; que si el gobierno procede a confiscarla, ese solo hecho convalida el registro y la ocupación aunque éstos hubieran sido ilegales y que dicha confirmación tiene efecto retroactivo, es decir, equivale a que el registro y ocupación se hubiesen hecho en cumplimiento de una orden legal. Véanse, al mismo efecto, *Dodge* v. *United States,* 272 U. S. 530 (1926), 71 L. ed. 392, en el cual se confirmó una sentencia de la Corte de Circuito de los Estados Unidos para el Primer Circuito que sostuvo la validez de una confiscación en la cual la ocupación había sido ilegal; *Trupiano* v. *United States,* 334 U. S. 699, 710 (1948); *Strong* v. *United States,* 46 F.2d 257 (C.C.A. 1st., 1931), 79 A.L.R. 159; *United States* v. *Eight*

(¹)*Pueblo* v. *Nieves,* 67 D.P.R. 305.

(²)La representación del Tesorero expone correctamente la doctrina aplicable, la cual fundamenta en el caso de *General Motors Acceptance* v. *Brañuela,* 60 D.P.R. 696; 61 D.P.R. 725. Parece pertinente aclarar que aunque aquel caso resuelve adversamente a la dueña del vehículo otras cuestiones alegadas por ella en la corte inferior, no sostiene la contención del Tesorero en cuanto al punto fundamental que ahora resolvemos, porque en el referido caso la legalidad del registro no fué cuestionada.

*Boxes, etc.,* 105 F.2d 896 (C.C.A. 2nd. 1939); *Bourke* v. *United States,* 44 F.2d 371 (C.C.A. 6th., 1930) *certiorari* denegado, 282 U. S. 897 (1931).

En el presente caso el gobierno, al confiscar el vehículo, adoptó el registro y captura y de ese modo los convalidó *ab initio.*

*Procede revocar la sentencia de la corte inferior y dictar otra declarando válida la confiscación con imposición de costas a la apelada.*

El Juez Asociado Sr. Negrón Fernández no intervino.