GENERAL MOTORS ACCEPTANCE CORPORATION, peticionaria, *v.* TRIBUNAL DE DISTRITO DE SAN JUAN, HON. EMILIO S. BELAVAL, JUEZ, demandado; EL PUEBLO DE PUERTO RICO, interventor.

Núm. 1800.—*Sometido:* Enero 20, 1950. *Resuelto:* Marzo 6, 1950.

*Córdova & González* y *Hernán Franco,* abogados de la peticionaria; *Hon. Procurador General Vicente Géigel Polanco* (*José C. Aponte, Procurador General Interino,* en el alegato), *A. Torres Braschi* y *José A. Arabía, Procuradores Generales Auxiliares,* abogados del interventor.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

La General Motors Acceptance Corp. acudió ante el Tribunal del Distrito de San Juan con la declaración jurada a que hace referencia el artículo 6 de la Ley 61 de 13 de abril de 1916 (pág. 126), según fué enmendado por la núm. 40 de 27 de junio de 1925 (pág. 247). En ella hizo constar que en 17 de noviembre de 1948 la Caribe Motors Corporation vendió en venta condicional a Arturo Coll Carpintero un automóvil marca Buick y que fué condición del contrato celebrado que el título del vehículo sería retenido por la vendedora hasta su definitivo pago; que dicho contrato le fué cedido y traspasado el mismo día de su otorgamiento; que Coll Carpintero dejó de satisfacer los plazos correspondientes a enero, febrero y marzo de 1949 y que según los términos del contrato la falta de pago de un plazo vencido constituía un incumplimiento del contrato y automáticamente se consideraban vencidos todos y cada uno de los otros plazos pendientes. Finalmente solicitó la reposesión del vehículo.

Celebrada la vista correspondiente, en la cual la peticionaria presentó prueba y el querellado Coll Carpintero no compareció, la cuestión de la reposesión quedó sometida a la consideración del tribunal. Poco después El Pueblo de Puerto Rico solicitó por escrito se le permitiera intervenir en el caso, alegando que el vehículo fué ocupado en ocasión

de transportarse en él material e implementos utilizados en relación con los juegos prohibidos de la bolita, y que el mismo estaba en posesión de El Pueblo de Puerto Rico como materia de evidencia y pendiente de tramitarse y decretarse su confiscación. No obstante la oposición de la General Motors Acceptance Corp., el tribunal inferior permitió la intervención y resolvió declarar no haber lugar a la reposesión interesada. Para revisar la resolución así dictada expedimos un auto de *certiorari.*

Alega ahora la General Motors Acceptance Corp. que el tribunal de distrito erró al resolver que el vehículo de motor en controversia había sido confiscado y que no estaba autorizado para devolver dicha propiedad; al considerar que la solicitud de reposesión de la peticionaria era una para la devolución de la propiedad confiscada; al resolver que cualquier solicitud para la devolución de la propiedad confiscada debía hacerse dentro del caso criminal correspondiente y al declarar sin lugar la solicitud de reposesión del bien mueble.

Provee la sección 5 de la Ley 220 de 15 de mayo de 1948 (págs. 739, 743), en lo pertinente que:

"*Todos los* artefactos, *vehículos u otros medios de transportación,* monedas y demás enseres e implementos *ocupados y utilizados en relación con los juegos prohibidos de la 'Bolita', 'Bolipool',* combinaciones clandestinas en relación con los 'Pools' o bancas de los hipódromos de Puerto Rico, y loterías clandestinas, *que hayan sido ocupados en relación con dichos juegos, serán confiscados en favor de El Pueblo de Puerto Rico y vendidos por orden de la Corte o Tribunal correspondiente a través del márshal de la misma en pública subasta, al mejor postor, . . .*" (Bastardillas nuestras.)

Según se expresó este Tribunal en *General Motors Acceptance Corp.* v. *Brañuela,* 61 D.P.R. 725, 729, ". . . el procedimiento de confiscación va dirigido contra el vehículo mismo y no contra sus dueños y. . . por consiguiente, los derechos que sobre el vehículo puedan tener terceros inocentes no están protegidos, excepto en aquellos casos en que se demues-

tre que la posesión del vehículo ha sido obtenida por el infractor sin el consentimiento expreso o implícito del dueño o del tercero inocente como sucede cuando el vehículo ha sido hurtado." Véanse también *Martínez v. Buscaglia, Tes.*, 69 D.P.R. 438, 440; *Van Oster v. Kansas*, 272 U.S. 465; *United States v. Mincey*, 254 Fed. 287; *Commonwealth v. Certain Motor Vehicle*, 261 Mass. 504, 159 N.E. 613, 61 A.L.R. 548, 550; 34 *Harvard Law Rev.* 200; 7 *Cornell Law Quarterly* 269; 72 *Univ. of Penna. Law Rev.* 181; 2 Wharton's *Criminal Law*, sec. 1801, págs. 2120 *et seq.*, 47 A.L.R. 1055, 1063; 23 Am. Jur., secciones 7 y 8, págs. 603-605; 8 Blashfield, *Cyclopedia of Automobile Law and Practice*, secciones 5691 y 5711, págs. 372, 409, respectivamente.

Se exige siempre en casos de confiscación que el dueño del vehículo sea notificado del procedimiento y tenga la oportunidad de ser oído. *Windsor v. McVeigh*, 93 U.S. 274 279; *Paulsen v. Portland*, 149 U.S. 30; *State v. Rose*, (Del., 1926) 132 A. 864. En el presente la sección 5 de la Ley 220, supra, no dice de manera específica cuál es el procedimiento que debe seguirse para la confiscación, ni si ha de hacerse notificación a persona alguna o darse a ésta oportunidad de ser oída. Lo primordial que el estatuto exige es que se pruebe que el vehículo era utilizado en relación con los juegos prohibidos de la bolita o bolipool. Empero, para lograr esto, la notificación del procedimiento y la oportunidad de ser oídas las tienen siempre las partes bajo nuestra ley, ya que en armonía con lo provisto por el artículo 107 del Código de Enjuiciamiento Criminal "El fiscal entablará, dentro de su distrito, todos los procesos por . . . confiscaciones en nombre del Pueblo de Puerto Rico." En esos procedimientos de confiscación tanto la persona en posesión del vehículo al tiempo de la incautación como cualesquiera otras que tengan interés en éste necesariamente han de ser notificadas y oídas. La sección 5 de la Ley 220 y el artículo 107, supra, por ser *in pari materia* han de ser interpretados sin duda conjunta-

mente. Artículo 18 del Código Civil, ed. 1930.[1] A virtud de la intervención solicitada por El Pueblo en el procedimiento de reposesión la aquí peticionaria ha tenido ya conocimiento de que el vehículo vendido en venta condicional por su cedente la Caribe Motors Corp. ha sido incautado (*seized*) por El Pueblo y está sujeto a un procedimiento de confiscación. Cuando luego de finalizada la causa criminal el fiscal, a tenor con el artículo 107, supra, entable un procedimiento para la confiscación del vehículo ella como parte interesada, tendrá la oportunidad de ser oída en relación con cualesquiera derechos que alegue tener sobre el mismo.

Conforme dijimos también en *General Motors Acceptance* v. *Brañuela,* supra, "cuando un estatuto . . . no provee expresamente la notificación a las partes interesadas, dicho estatuto no será declarado inconstitucional por ese motivo, si el requisito de la notificación fácilmente se infiere de su contexto." Además, es principio conocido en derecho que si mediante la adecuada interpretación de la ley puede resolverse que por implicación ella requiere la debida notificación y concede la oportunidad de ser oída, la misma no será declarada inconstitucional. *Paulsen* v. *Portland,* supra; *Hunt Drainage Dist.* v. *Schwerer,* (Ill., 1938), 16 N.E.2d 737, 738.

 Teniendo conocimiento a virtud de la intervención de El Pueblo de que el vehículo objeto de la solicitud de reposesión estaba en *custodia legis* por haber sido incautado en una causa criminal, el tribunal de distrito actuó acertadamente al negarse a decretar su reposesión.

*Debe anularse el auto expedido.*

EN MOCION DE RECONSIDERACION.

MARZO 29, 1950

---

[1] El artículo 18 del Código Civil, ed. 1930, provee:

"Las leyes que se refieren a la misma materia o cuyo objeto sea el mismo, deben ser interpretadas refiriendo las unas a las otras, por cuanto lo que es claro en uno de sus preceptos pueda ser tomado para explicar lo que resulte dudoso en otro."

E<small>L</small> J<small>UEZ</small> A<small>SOCIADO</small> S<small>EÑOR</small> M<small>ARRERO</small> emitió la opinión del tribunal.

Solicitada por la General Motors Acceptance Corp., en su carácter de cesionaria del contrato, la reposesión de un automóvil vendido en venta condicional, el tribunal recurrido declaró sin lugar tal solicitud por haber sido previamente ocupado el vehículo por El Pueblo de Puerto Rico en acción criminal seguida por infracción a la ley de la bolita contra el comprador condicional Arturo Coll Carpintero. Al resolver el *certiorari* que expedimos para revisar la resolución así dictada por el tribunal inferior, dijimos que en el procedimiento de confiscación, que es uno *in rem,* se exige siempre que la persona en posesión de la cosa al tiempo de la incautación, al igual que el dueño de la misma, sean siempre notificados y oídos; que si bien la sección 5 de la Ley núm. 220 de 1948 ((1) pág. 739) no dice de manera taxativa cuál es el procedimiento que debe seguirse para la confiscación de los artefactos, vehículos, monedas, enseres e implementos ocupados y utilizados en relación con los juegos prohibidos de la bolita o boli-pool, las partes tienen siempre la oportunidad de ser oídas; que a tenor de lo provisto por el

artículo 107 del Código de Enjuiciamiento Criminal el fiscal es el funcionario autorizado por ley para entablar semejantes procedimientos a nombre de El Pueblo de Puerto Rico; que ese artículo y la sección 5 de la Ley 220 siendo en *pari materia* debían ser interpretados conjuntamente; que cuando luego de finalizada la causa criminal el fiscal, a tenor con dicho artículo entablara un procedimiento para la confiscación del vehículo, la peticionaria, como parte interesada, tendría la oportunidad de ser oída en relación con cualesquiera derechos que alegare tener sobre el mismo; y que teniendo conocimiento la aquí peticionaria a virtud de la intervención de El Pueblo de que el automóvil objeto de la solicitud de reposesión estaba en *custodia legis* el tribunal de distrito había actuado acertadamente al negarse a decretar su reposesión.

La peticionaria nos pide ahora que reconsideremos la sentencia que dictamos. Sostiene que las confiscaciones a que se refiere el artículo 107, supra, son meramente las confiscaciones de fianzas en causas criminales; que el artículo 107 no establece procedimiento alguno y que el mismo puede hallarse, bien en el Código de Enjuiciamiento Civil o en las Reglas y, además, nos hace las siguientes preguntas:— ¿Qué debe alegarse en los procedimientos de confiscación? ¿En qué corte se radican, contra quién, cómo se notifican, cuánto tiempo hay para contestar o alegar y cuándo debe el fiscal radicar el procedimiento?

█ Está en un error la peticionaria al aseverar que el artículo 107, supra, se refiere tan sólo a confiscaciones de fianzas y no a confiscaciones como la aquí envuelta. Aunque nuestra sentencia de 6 de marzo del año en curso y la opinión en que la misma se fundó son correctas y, en su consecuencia, debe declararse sin lugar la reconsideración solicitada, para una mejor orientación creemos conveniente contestar las anteriores preguntas, a saber:

██ El procedimiento de confiscación deberá iniciarse por el fiscal, a nombre de El Pueblo de Puerto Rico, contra

la persona que estaba en posesión de la cosa al momento de su ocupación. El procedimiento se notificará a esa persona como demandada, así como a cualesquiera otras que pudieren estar interesadas en la cosa ocupada, como por ejemplo, al vendedor condicional o su cesionario.(¹) Se expedirán los emplazamientos u órdenes de notificación de costumbre y el tiempo para contestar será el fijado por ley para acciones ordinarias, mas de estimar la corte que la justicia del caso así lo requiere, podrá prorrogar dicho término o, de ser necesario, acortar el mismo. El procedimiento se iniciará tan pronto finalice la causa criminal ante la corte que conoce originalmente de la misma, sin esperar el resultado final de la apelación que pueda interponerse y se presentará ante la corte con jurisdicción competente por razón de la cuantía, de acuerdo con el valor razonable que para tal fin se dé a la cosa. Dicha acción por ser una real de bienes muebles, a tenor de lo provisto por el artículo 1862 del Código Civil, ed. 1930, prescribe a los seis años.

Oídas las partes se dictará sentencia a la brevedad posible decretando la venta en pública subasta por el márshal de la cosa incautada al mejor postor, o la entrega de la cosa al demandado o al tercero reclamante, según proceda de acuerdo con la prueba.

Por otro lado, nada hay que impida que mientras se tramita el procedimiento de confiscación o mientras se sustancia la apelación que se interponga contra la sentencia que en el procedimiento se dicte, las partes estipulen que la cosa objeto del mismo sea vendida por el márshal en pública subasta y su producto retenido en *custodia legis* hasta que la sentencia resulte firme e inapelable.

Hechas las anteriores aclaraciones, *debe dictarse resolución declarando no haber lugar a la reconsideración solicitada.*

---

(¹) Al fiscal le es fácil averiguar si el bien mueble ocupado fué objeto de un contrato de venta condicional que está aún en vigor y si ha habido una cesión del mismo.