WENCESLAO COLÓN ARVELO, apelante y apelado, *v.* SOL. LUIS DESCARTES, en su carácter de SECRETARIO DE HACIENDA, apelado y apelante.

Número 11864.

*Sometido:* 21 de marzo de 1957. *Resuelto:* 28 de marzo de 1957.

*Hon. Secretario de Justicia José Trías Monge* y *Álvaro R. Calderón, Jr.,* y *Juan Pedrosa, Procuradores Auxiliares,* abogados del apelante; *José Luis Cancio,* abogado del apelado; *Rafael Pastor,* abogado de la interventora, cesionaria de los derechos y acciones de la vendedora condicional del vehículo confiscado.

*PER CURIAM:* Vistas las determinaciones de hecho y de derecho que sirven de base a la sentencia que dictó en este caso el Tribunal Superior, Sala de Aguadilla, con fecha 2 de septiembre de 1955, este Tribunal es de opinión que debe revocarse la sentencia apelada. Nos parece obvio que la sentencia dictada en la causa criminal número M-54-263, absolviendo a Wenceslao Colón Arvelo del delito de infracción a la Ley de Espíritus y Bebidas Alcohólicas, no constituye cosa juzgada o impedimento (*bar*) en la acción civil para recobrar el vehículo que fué confiscado al amparo de lo dispuesto en el art. 62 de dicha ley. 13 L.P.R.A. sec. 1717. El procedimiento de confiscación es *in rem* y tiene carácter civil, por lo cual es independiente y separado de la causa criminal antes mencionada. Cf. *Martínez* v. *Buscaglia,* 69 D.P.R. 438 (1949); *General Motors Acceptance* v. *Tribunal de Distrito,* 70 D.P.R. 941 (1950); *Metro Taxicabs* v. *Tesorero,* 73 D.P.R. 171 (1952).

Como aquí el expediente del caso criminal fué ofrecido y admitido en evidencia sin objeción del abogado del Secretario de Hacienda, el juez deberá, dándole a dicha prueba

el valor probatorio que a su juicio merezca, dictar en los méritos la sentencia que proceda sobre la validez de la incautación.

*A ese fin se revoca la sentencia apelada y se devuelve el caso al tribunal a quo.*