574

SECRETARIO DE JUSTICIA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. FAUSTO RAMOS, JUEZ, demandado; PORFIRIO BURGOS BURGOS, interventor.

*Número:* C-63-61        *Resuelto:* 16 de diciembre de 1963

*J. B. Fernández Badillo, Procurador General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados del peticionario; *Raúl Torres González,* abogado del interventor.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

El día 11 de marzo de 1962 un agente del orden público detuvo al interventor Porfirio Burgos Burgos porque alegadamente conducía un vehículo de motor bajo la influencia de bebidas embriagantes. Al registrar el vehículo—en ocasión del arresto practicado—encontró un arma de fuego, procediendo allí y entonces a ocupar el automóvil, conforme a lo dispuesto por el Art. 37 de la Ley de Armas, según enmendado por la Ley Núm. 39 de 4 de junio de 1960, 25 L.P.R.A. (Supl. 1962) sec. 447.(¹) Cinco días después el Secretario de Justicia dirigió una comunicación a Burgos notificándole sobre la ocupación del vehículo que "obedeció a que ese día el referido vehículo se usó para cargar, transportar, llevar y trasladar un arma (revólver) todo ello en violación a la Ley," y apercibiéndole que la confiscación descrita anteriormente e iniciada mediante la ocupación que se le notificaba podía ser impugnada dentro de los quince días siguientes ante la sala

---

(¹)"El Secretario de Justicia confiscará cualquier vehículo . . . en que se cargue, descargue, transporte, lleve o traslade . . . cualquier arma de fuego en violación de esta Ley.

"Para la confiscación y disposición de vehículos . . . se seguirá el procedimiento establecido por la ley conocida como 'Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones' . . .."

correspondiente del Tribunal Superior, así como de su derecho a prestar fianza por el importe de la tasación del automóvil.

No fue hasta el día 30 de abril, ([2]) cuando ya habían transcurrido cuarenta y cinco días desde que se cursó la notificación sobre la ocupación del vehículo, que el recurrido acudió ante el Tribunal Superior, Sala de San Juan, mediante demanda que intituló sobre "impugnación de confiscación." Adujo que la alegada ocupación y confiscación obedeció a una supuesta violación de la ley y que tales actos eran nulos pues para la fecha indicada tenía autorización para portar el arma ocupada mediante resolución judicial copia de la cual obraba en poder del Fiscal General del Departmento de Justicia. En la contestación formulada por el Secretario de Justicia se negó que el recurrido portara legalmente el arma, y específicamente se expuso que al ser sorprendido en la fecha indicada la portaba "fuera del alcance" de los términos de la autorización judicial concedídale. Por vía de defensa especial se solicitó la desestimación de la acción por haberse interpuesto luego de transcurrido el término de 15 días provisto en la Ley Núm. 39 de 1960, *supra*. Igual súplica se hizo mediante moción para desestimar.

En una audiencia celebrada el día 10 de mayo de 1963, y sin declarar con lugar la moción para desestimar, el juez a quo dispuso que el demandante presentara una demanda enmendada. Así se hizo. El Secretario reprodujo la solicitud para que se desestimara la demanda por falta de jurisdicción; se discutió la misma, y, sin que se consignara por escrito, el tribunal dictó una resolución, según las constancias de la minuta de la sesión del 12 de junio, al efecto de que "Vista

---

([2]) La demanda presentada tiene fecha mecanográfica de 30 de marzo, pero el sello de radicación es de 30 de abril. De ciertas manifestaciones expresadas en el curso de un incidente de desestimación aparece que el abogado que entonces representaba al recurrido confió en que se le devolvería el vehículo sin necesidad de ulterior acción judicial, descansando en ciertas conversaciones llevadas a cabo con funcionarios del Departamento de Justicia. Sobre el alcance de lo convenido en estas conversaciones hay conflicto entre las partes.

la demanda enmendada radicada . . . *la entiende el Tribunal como una acción civil* y ordena a la parte demandada a contestar . . ." El efecto práctico de esta actuación del juez recurrido fue declarar sin lugar la solicitud de desestimación. Libramos auto de *certiorari* para revisar esta resolución.

El derecho aplicable es el Art. 2 (a) de la Ley Núm. 39 de 4 de junio de 1960, según enmendado por la Ley Núm. 10 de 1 de septiembre de 1961, 34 L.P.R.A. (Supl. 1962) sec. 1722, que copiado a la letra lee como sigue:

"El procedimiento se iniciará mediante la ocupación de la propiedad por el Secretario de Justicia, el Secretario de Hacienda, o el Superintendente de la Policía, por conducto de sus delegados, policías o agentes de orden público. El funcionario bajo cuya autoridad se actúe notificará al dueño, encargado o persona con derecho o interés conocido en la propiedad ocupada, de la ocupación y tasación de los bienes ocupados; debiendo efectuarse la notificación en forma fehaciente, dentro de los diez (10) días siguientes a la ocupación; entendiéndose perfeccionada la notificación mediante su envío por correo con acuse de recibo. Los dueños, encargados o interesados en los bienes ocupados podrán impugnar la confiscación dentro de los quince (15) días siguientes a la fecha de la notificación, mediante demanda contra el funcionario bajo cuya autoridad se haya efectuado la confiscación, a quien se notificará y quien deberá formular sus alegaciones dentro de los diez (10) días siguientes a la notificación. La demanda deberá radicarse en la Sala del Tribunal Superior de Puerto Rico, correspondiente al lugar donde se efectuó la ocupación, y el juicio se celebrará sin sujeción a calendario. Las cuestiones que se susciten deberán resolverse, y los demás procedimientos tramitarse de la misma manera que si se tratase de una acción civil ordinaria. Contra la sentencia que recaiga no habrá otro recurso que el de *certiorari* para al Tribunal Supremo, limitado a cuestiones de derecho. *La radicación de la demanda de impugnación dentro del término aquí establecido se considerará requisito jurisdiccional previo para el ejercicio de la acción aquí autorizada.*" (Subrayado nuestro.)

Antes de la aprobación de la ley transcrita estaban en vigor diversas disposiciones sobre confiscación en diferentes

leyes que respondían a la ficción de que la responsabilidad podía recaer sobre la cosa que se utilizaba como medio o instrumento para la comisión de un delito. El Art. 62 de la Ley Núm. 6 de 30 de junio de 1936, 13 L.P.R.A. (1955) sec. 1717, complementado por el Art. 97, 13 L.P.R.A. (1955) sec. 1822, proveía para la confiscación y disposición de vehículos que se utilizaren para cometer infracciones a la Ley de Bebidas; (³) la Sec. 5 de la Ley Núm. 220 de 15 de mayo de 1948, 33 L.P.R.A. sec. 1251, disponía para la ocupación y confiscación de los artefactos, vehículos, enseres e implementos utilizados en relación con los juegos prohibidos de la bolita, "bolipul" y loterías y bancas clandestinas, y, sin proveer procedimiento especial alguno, permitía la determinación judicial sobre la legalidad de la confiscación; (⁴) el Art. 37 de la Ley Núm. 17 de 19 de enero de 1951, 25 L.P.R.A. sec. 447, autorizaba al Secretario de Justicia para confiscar cualquier vehículo utilizado para transportar ilegalmente un arma prohibida, y aunque autorizaba la impugnación de la confiscación mediante demanda contra el Estado Libre dentro de 15 días de la notificación, guardaba silencio sobre el carácter jurisdiccional de este término; (⁵) el Art. 77 (f) de la Ley Núm. 2 de 20 de enero de 1956 (Leyes 1955 (2), pág. 307) facultaba al Secretario de Hacienda para confiscar y vender

---

(³) El Art. 97 fue enmendado por la Ley Núm. 132 de 8 de mayo de 1948 (Leyes, pág. 301) para adicionarle un disponiéndose al efecto de que tanto la radicación de la apelación dentro de 10 días de la notificación de la confiscación como el diligenciamiento del emplazamiento dentro de 20 días de la fecha de su expedición se considerarían requisitos previos para el ejercicio de la acción de impugnación de confiscación.

Véanse, *Colón v. Sec. de Hacienda*, 79 D.P.R. 859 (1957); *Metro Taxicabs v. Tesorero*, 73 D.P.R. 171 (1952); *Torres v. Buscaglia*, 68 D.P.R. 336 (1948); *General Motors Acceptance v. Brañuela*, 61 D.P.R. 725 (1943) y 60 D.P.R. 696 (1942).

(⁴) *General Motors Acceptance v. Tribunal de Distrito*, 70 D.P.R. 941 (1950).

(⁵) *Ochoteco v. Tribunal Superior*, 88 D.P.R. 517 (1963); *Estado Libre Asociado v. Tribunal Superior*, 76 D.P.R. 842 (1954); *Stuckert Motor Co. v. Tribunal de Distrito*, 74 D.P.R. 527 (1953).

en pública subasta cualquier vehículo que se dedicara a la transportación de mercancía sobre la cual no se hubieren pagado los impuestos correspondientes, pero no prescribía específicamente ningún procedimiento para impugnar cualquier actuación administrativa encaminada a tal fin.

Ante esta situación, la Asamblea Legislativa optó por establecer un procedimiento uniforme para todos los casos de confiscación, irrespectivamente de la identidad de la agencia u funcionario que intervenga en la confiscación y del propósito o fin ilegal para el que se utilice el bien u objeto confiscado. Los informes de las Comisiones de lo Jurídico de la Cámara de Representantes [6] y de lo Jurídico Penal del Senado [7] revelan, además, que otro de los fines primordiales que se consideró fue evitar (1) la dilación en los procedimientos para la disposición de la propiedad confiscada, y, (2) la "congestión" de vehículos ocupados depositados en la Oficina de Transporte. Esto explica en parte la determinación de que el término de 15 días para la radicación de la demanda impugnando la confiscación sea de carácter jurisdiccional *en todos los casos.*

Tampoco puede olvidarse que en efecto este procedimiento que se proporciona al dueño de la propiedad ocupada no es más que una renuncia a la inmunidad del Estado a ser demandado, [8] *Ocasio* v. *Pueblo,* 79 D.P.R. 28 (1956), y que para ello puede imponer aquellas condiciones que estime convenientes. *Escambrón Development Corp.* v. *E.L.A.,* 82 D.P.R. 685 (1961); *Larroca* v. *Aboy,* 82 D.P.R. 492 (1961); *Santiago* v. *Pueblo,* 74 D.P.R. 211 (1952); *Acevedo* v. *Pueblo,* 69 D.P.R. 434 (1948); *Mayagüez Light, Power & Ice Co.* v. *Tribunal de Contribuciones,* 68 D.P.R. 519 (1948); *Campis*

---

[6] *Diario de Sesiones,* 1957, vol. IX, tomo 4, págs. 1743–1744 y 1958, vol. X, tomo 2, pág. 996.

[7] *Diario de Sesiones,* 1958, vol. X, tomo 4, pág. 1918.

[8] Sobre la procedencia de un *injunction* para impedir la disposición de propiedad confiscada, véase, el inciso 3 del Art. 678 del Código de Enjuiciamiento Civil, ed. 1933, 32 L.P.R.A. sec. 3524.

v. *Pueblo*, 67 D.P.R. 393 (1947). Es preciso observar que la Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104 de 29 de junio de 1955, provee expresamente en su Art. 4, 32 L.P.R.A. (Supl. 1962) sec. 3079 que nada de lo en ella dispuesto afectará "todas aquellas [acciones] para las que existe legislación específica, *las que seguirán rigiéndose por las leyes aplicables*," y que igualmente veda cualquier acción por daños y perjuicios contra el Estado por acto u omisión de un funcionario, agente o empleado "en el cumplimiento de una ley o reglamento, aun cuando éstos resultaren ser nulos," Art. 6, 32 L.P.R.A. (Supl. 1962) sec. 3081(a).

Resulta claro que el procedimiento uniforme prescrito es exclusivo, no importa cuál sea el fundamento de la impugnación, llámese nulidad de actuaciones o improcedencia de la confiscación. La posición del demandante al efecto de que no estaba violando la Ley de Armas cuando ocurrió la incautación porque disfrutaba de una licencia judicial que le permitía su portación es la razón que se aduce para impugnar la confiscación. Correspondía levantarla dentro del único procedimiento que el Estado proveyó para que se le demandara. Y al no darse cumplimiento estricto a un requisito que el propio estatuto califica como jurisdiccional, (⁹) la acción no puede seguir su curso no importa la denominación que desee atribuírsele. Cualquier pretensión en este sentido no es más que una sutileza para tratar de escapar a las consecuencias de la inadvertencia del demandante.

*Downs* v. *Porrata, Fiscal*, 76 D.P.R. 611 (1954), invocado por el interventor, no es de aplicación. En el mismo no se planteó cuestión jurisdiccional alguna y meramente se dis-

---

(⁹) En situaciones similares hemos sostenido la necesidad del cumplimiento estricto de requisitos que el estatuto califica como jurisdiccionales. *Ramos* v. *Secretario de Hacienda*, Revisión 62-293, sentencia de 29 de noviembre de 1963, sobre la radicación del recurso de *certiorari* para revisar una resolución sobre incidente de fianza en querella impugnando deficiencias en contribución sobre ingresos. *Godreau* v. *Secretario de Hacienda*, 75 D.P.R. 265 (1953).

cutió el efecto de un perdón ejecutivo de la ofensa criminal en el procedimiento civil de la impugnación de la incautación. El lenguaje de dicha opinión en que se descansa para sostener que en el presente caso aún no se ha completado la confiscación por no haber recaído providencia judicial en ese sentido tampoco es de aplicación pues respondió al estado de la legislación entonces imperante. Véase, Art. 37 de la Ley de Armas, 25 L.P.R.A. sec. 447, antes de ser enmendado por la Ley Núm. 39 de 1960, *supra*.

Las otras cuestiones levantadas por el interventor no requieren discusión.

*Se revocará la resolución dictada por el Tribunal Superior, Sala de San Juan, en 12 de julio de 1963, y se dictará sentencia declarando con lugar la moción de desestimación por falta de jurisdicción, y en su consecuencia, desestimando la demanda.*