GÓMEZ HERMANOS, INC., peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. ARMINDO CADILLA, JUEZ, demandado.

*Número:* O-71-132    *Resuelto:* 25 de abril de 1972

*Otero Suro & Otero Suro* y *Rodrigo Otero Bigles,* abogados del peticionario; *Gilberto Gierbolini, Procurador General* y *Américo Serra, Procurador General Auxiliar,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Gómez Hermanos, Inc., vendió a Anthony C. Borro Cruz, bajo contrato de venta condicional debidamente inscrito, un automóvil marca "Toyota" modelo 1969, tablillas 12PO54.

En 13 de octubre de 1970, la Policía de Puerto Rico confiscó el mencionado vehículo porque alegadamente se usó para cargar, transportar, llevar y trasladar drogas narcóticas en Ponce, P.R.

Notificada de la confiscación, Gómez Hermanos, Inc., radicó demanda ante el Tribunal Superior, Sala de San Juan, impugnando dicha confiscación. Mediante la prestación de fianza obtuvo la devolución del vehículo confiscado.

A solicitud del Superintendente de la Policía, representando a la parte demandada, el Tribunal Superior, Sala de San Juan, dictó sentencia desestimando y declarando sin lugar la demanda por el fundamento de que disponiendo la Ley Núm. 39 de 4 de junio de 1960 en su Art. 2(a) que la demanda deberá radicarse en la Sala del Tribunal Superior de Puerto Rico, correspondiente al lugar donde se efectuó la ocupación, tal requisito es de carácter jurisdiccional y priva a la Sala de San Juan del Tribunal Superior de jurisdicción para entender en el caso.

La ameritada sentencia es errónea y debe ser revocada.

El Art. 2(a) de la Ley Núm. 39 de 4 de junio de 1960, según enmendada por la Ley Núm. 10 de 1 de septiembre de 1961 (34 L.P.R.A. sec. 1722), lee:

"El procedimiento se iniciará mediante la ocupación de la propiedad por el Secretario de Justicia, el Secretario de Hacienda, o el Superintendente de la Policía, por conducto de sus delegados, policías o agentes de orden público. El funcionario bajo cuya autoridad se actúe notificará al dueño, encargado o persona con derecho o interés conocido en la propiedad ocupada, de la ocupación y tasación de los bienes ocupados; debiendo efectuarse la notificación en forma fehaciente, dentro de los diez (10) días siguientes a la ocupación; entendiéndose perfeccionada la notificación mediante su envío por correo con acuse de recibo. Los dueños, encargados o interesados en los bienes ocupados podrán impugnar la confiscación dentro de los quince (15) días siguientes a la fecha de la notificación, mediante demanda contra el funcionario bajo cuya autoridad se haya efectuado la confiscación, a quien se notificará y quien deberá formular sus alegaciones dentro de los diez (10) días siguientes a la notificación. La demanda deberá radicarse en la Sala del Tribunal Superior de Puerto Rico, correspondiente al lugar donde se efectuó la ocupación, y el juicio se celebrará sin sujeción a calendario. Las cuestiones que se susciten deberán resolverse, y los demás procedimientos tramitarse de la misma manera que si se tratase de una acción civil ordinaria. Contra la sentencia que recaiga no habrá otro recurso que el de *certiorari* para el Tribunal Supremo, limitado a cuestiones de derecho. *La radicación de la demanda de impugnación dentro* del término aquí establecido se considerará requisito jurisdiccional previo para el ejercicio de la acción aquí autorizada." (Bastardillas nuestras.) (89 D.P.R., pág. 577.)

■ Por disposición expresa de la ley el término para la radicación de la demanda de impugnación se considera un requisito jurisdiccional previo para el ejercicio de la acción. En *Srio. de Justicia* v. *Tribunal Superior*, 89 D.P.R. 574 (1963), expusimos la explicación de porque al término de 15 días para radicar la demanda se le dio ese carácter jurisdiccional. Sin embargo, el lugar donde debe radicarse la de-

manda no es de carácter jurisdiccional. La Ley de la Judicatura en su Sec. 10 (4 L.P.R.A. sec. 62) dispone que "no se desestimará ningún caso fundado en haberse sometido a una sección sin jurisdicción o autoridad o a una sala de un tribunal sin competencia para ello. Todo caso podrá ventilarse en la sección o sala en que se radique, por convenio de las partes y la anuencia del juez que preside dicha sala en ese momento, o de no ser así oído, será transferido por orden del juez a la sección o sala correspondiente de conformidad con las reglas que el Tribunal Supremo adoptare."

■ La Regla 3 de Procedimiento Civil contiene una disposición similar. Estas reglas rigen todos los procedimientos de naturaleza civil ante en Tribunal General de Justicia (Regla 1) y se aplican al Estado en cualquier pleito donde comparezca como parte demandante o parte demandada. *Sierra* v. *Tribunal*, 81 D.P.R. 554 (1959). La Ley de la Judicatura eliminó las distinciones jurisdiccionales mediante la unificación del sistema judicial. *Pueblo* v. *Tribunal Superior*, 84 D.P.R. 140 (1961).

■ Levantada por la parte demandada en este caso la cuestión de competencia, el juez de la Sala de San Juan del Tribunal Superior, debió ordenar el traslado de la causa para la Sala de Ponce del Tribunal Superior, que sería la sala competente para entender en la misma, pero no ha debido desestimar la demanda por falta de jurisdicción. *Pueblo* v. *Tribunal Superior*, supra. La falta de competencia, no es una defensa que cause la desestimación de la acción. *Rivera Esbri* v. *Archevald*, 83 D.P.R. 604 (1961). La disposición de la Ley Uniforme de Confiscación de Vehículos, Bestias y Embarcaciones, que señala el lugar donde debe radicarse la demanda de impugnación de confiscación, no es una excepción a la doctrina ya expuesta.

Por los anteriores motivos, *se revoca la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 24 de mayo de 1971 y se devuelve el caso para ulteriores procedimientos.*

El Juez Presidente, Señor Negrón Fernández, y el Juez Asociado, Señor Dávila, no intervinieron.