GENERAL MOTORS ACCEPTANCE CORPORATION, demandante y apelante, *v.* MARÍA PETRA BRAÑUELA y RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, demandados y apelados.

Núm. 8433.—*Sometido:* Enero 12, 1943. *Resuelto:* Abril 5, 1943.

*Brown, González & Newsom* y *R. Rodríguez Antongiorgi,* abogados de la apelante; *Hon. Procurador General Interino M. Rodríguez*

*Ramos* y *Eulogio Riera, Procurador Auxiliar,* abogados del Teso rero de Puerto Rico, apelado; *James R. Beverley, R. Castro Fer nández* y *José López ·Baralt,* abogados del *amicus curiae,* Small wood Brothers, Inc.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tri bunal.

La demandante apelante radicó una moción en la que so licitó reconsideremos nuestra sentencia de 13 de julio .de 1942 (60 D.P.R. 696). Considerando los fundamentos que sirvieron de base a dicha moción y los que expuso Smallwood Brothers Inc. como *amicus curiae,* creímos conveniente re considerar y en efecto reconsideramos la citada sentencia y dispusimos la celebración de una nueva vista.

Es innecesario exponer una vez más los hechos de este caso. Nos remitimos a la opinión anterior, supra.

La contención de la apelante es:

(1) Que como cesionaria de los derechos de la vendedora condicional de un automóvil que fué capturado mientras transportaba bebidas embriagantes sin pagar el impuesto prescrito por la ley, es un tercero inocente cuyo interés no puede ser perjudicado por la confiscación del vehículo pres crita por el artículo 62 de la Ley de Bebidas; y

(2) Que el artículo 62 de la citada ley es inconstitucional por no conceder a las personas con interés en el vehículo la debida notificación y oportunidad de defenderse.

Para la mejor inteligencia de la discusión que va mos a emprender, parece conveniente tener a la vista el ci tado artículo 62 que literalmente dice así:

"Artículo 62.—El Tesorero queda por la presente autorizado para confiscar cualquier vehículo, bote, lancha, o cualquier embarcación marítima o aérea que se capture cargado o en el momento de cargar o de estar transportando, llevando, o trasladando espíritus destila dos o bebidas alcohólicas fabricadas, importadas, destiladas o recti ficadas ilegalmente y sobre los cuales no se hubieren pagado los im puestos prescritos por esta Ley; y los mismos serán vendidos en pública subasta para beneficio de El Pueblo de Puerto Rico; *Dis-*

*poniéndose,* que el Tesorero, a su discreción, y si el servicio público así lo requiere, podrá designar no más de cinco (5) de dichos vehículos o botes de motor para uso de los funcionarios y agentes debidamente autorizados por el Negociado de Bebidas Alcohólicas y Narcóticos.''

En nuestra opinión anterior no tuvimos necesidad de considerar si el transcrito precepto legal debe interpretarse en el sentido de proteger los derechos que terceros inocentes puedan tener en el vehículo confiscado. Dijimos entonces:

''El precepto transcrito es terminante en cuanto autoriza al Tesorero a confiscar cualquier vehículo, bote, etc., que se capture transportando espíritus destilados o bebidas alcohólicas sobre los cuales no se hubieren pagado los impuestos prescritos por la ley. Estatutos como el que nos ocupa han recibido distintas .interpretaciones en lo que respecta a los derechos que sobre el vehículo tuvieren terceras personas que no hubieren tenido conocimiento ni consentido expresa o implícitamente en el uso ilegal de la propiedad. (Pág. 700.)

'' *       *       *       *       *       *       *

''En el presente caso la apelante no nos ha puesto en condiciones de resolver la cuestión planteada en su alegato, pues no tenemos base para asumir que sea ella un tercero inocente, y a ella—que ahora lo afirma—incumbía alegarlo y probarlo.'' (Pág. 701.)

Resuelta así la primera cuestión en la opinión original, inmediatamente pasamos en aquella ocasión a considerar si el estatuto infringía la garantía constitucional sobre debido procedimiento de ley, es decir, si concedía o no al dueño o tercero interesado en el vehículo el derecho de ser notificado y la oportunidad de ser oído en su defensa. Resolvimos entonces que si bien el artículo 62 nada dice sobre notificación y oportunidad de ser oído, sin embargo el artículo 97 de la misma ley concede amplia y suficientemente esa oportunidad. (Pág. 701.) Este último artículo en lo pertinente dice así:

''Artículo 97.—Siempre que el Tesorero de Puerto Rico esté facultado por esta Ley para vender artículos o productos confiscados por él o por sus agentes, la .persona agraviada podrá apelar ante la correspondiente corte de distrito, y dicha corte tendrá jurisdicción,

"después de ser oída la persona, para confirmar, revocar, o modificar la decisión del Tesorero. Dicha apelación deberá radicarse dentro de los diez (10) días siguientes a la fecha de la notificación a la persona interesada."

Alega ahora por primera vez la apelante que es de aplicación a su caso la regla general al efecto de que en procedimientos civiles en que esté envuelta la comisión de un delito o conducta criminal alguna, la inocencia y la buena fe se presumen e invoca el artículo 85. de la Ley de Bebidas, que dispone:

"Artículo 85.—Toda persona que infrinja o deje de observar las disposiciones de esta Ley o del reglamento que por virtud de ella se promulgue; y toda persona que a sabiendas ayude, permita o de otro modo ayude a otra a infringir o dejar de observar cualquier disposición de esta ley o del reglamento respecto a sus disposiciones, será culpable de delito menos grave (*misdemeanor*), cuando no se indique específicamente otra pena."

Cita además la apelante la obra *American Jurisprudence*, tomo 20, pág. 217, sección 221.

Concedemos que el cesionario de los derechos de un vendedor condicional de un automóvil que a sabiendas permita que dicho automóvil sea usado en la transportación de bebidas alcohólicas en violación de la ley, incurre en responsabilidad criminal a tenor de lo dispuesto en el citado artículo 85. Siendo ello así, la apelante tiene a su favor la presunción de inocencia que invoca. Aceptando que la apelante tiene a su favor la presunción de tercero inocente, tiene derecho a que se resuelva si la confiscación prescrita por el artículo 62 perjudica sus derechos sobre el vehículo.

Un estudio de las monografías contenidas en la obra *American Law Reports,* tomos 47, pág. 1055; 61, pág. 551; 73, pág. 1087; 82, pág. 607; y 124, pág. 288, donde se acopian y clasifican las decisiones de los tribunales, tanto federales como estatales, interpretativas de los diversos estatutos sobre la materia, revela el desacuerdo en que se hallan las distintas jurisdicciones con respecto a los derechos

de terceros inocentes cuando el estatuto, como el nuestro, guarda silencio acerca de tales derechos.

En Carolina del Sur, donde existía un precepto legal igual al artículo 62, supra, se resolvió que debía presumirse que la legislatura tuvo la intención de excluir de los efectos de la ley los derechos de terceros inocentes, de esa forma evitando que el estatuto produjera injusticia en su aplicación. *Seignious* v. *Limehouse*, 93 S. E. 193, donde se cita con aprobación *Moody* v. *McKinney*, 53 S. E. 543.

En Tejas, un estatuto sobre la materia expresamente declara que el vehículo ilegalmente usado constituye un estorbo público y ordena que si el mismo tiene algún valor o es útil para algún uso legítimo, deberá ser vendido y su producto inmediatamente depositado en la tesorería del Estado, y que en caso de no tener valor alguno, la propiedad deberá ser destruída. Al interpretarlo, a pesar de que no se hace mención de los derechos de terceros inocentes, los tribunales de aquel Estado han sostenido que el automóvil confiscado quedaba sujeto al gravamen del vendedor condicional. En otras palabras, que los derechos del vendedor condicional no eran afectados por la confiscación. *General Motors Acceptance Corporation* v. *State* (Tex. 1919) 12 S. W. (2) 968.

De otro lado, interpretando el artículo 3450 de los Estatutos Revisados de los Estados Unidos, de los cuales ha sido tomado el artículo 62 de la Ley de Bebidas, la Corte Suprema ha sostenido que el procedimiento de confiscación va dirigido contra el vehículo mismo y no contra sus dueños y que por consiguiente los derechos que sobre el vehículo puedan tener terceros inocentes no están protegidos, excepto en aquellos casos en que se demuestre que la posesión del vehículo ha sido obtenida por el infractor sin el consentimiento expreso o implícito del dueño o del tercero inocente, como sucede cuando el vehículo ha sido hurtado. En otras palabras, si el dueño o tercero interesado directa o indirectamente ha puesto el vehículo en posesión del infractor o de la persona

730

bajo la cual actúa éste, los derechos del dueño o tercero interesado en tales circunstancias corren la suerte del uso a que el poseedor pueda someter el vehículo. *Goldsmith Jr.-Grant Co.* v. *United States* (1920) 254 U. S. 505; *Dobbins's Distillery* v. *United States*, U. S.. 395.

Aparte de que las sentencias del Tribunal Supremo de los Estados Unidos son obligatorias para este tribunal, es además de aplicación la regla de hermenéutica legal dispositiva de que al adoptarse un estatuto de otra jurisdicción, a menos que expresamente se prescriba lo contrario, la jurisprudencia de la jurisdicción de su origen existente al tiempo de la adopción se entenderá incluída en los términos del estatuto. Por lo tanto, siguiendo por este doble motivo la interpretación que la Corte Suprema de los Estados Unidos ha dado al artículo 3450 de los Estatutos Revisados, tenemos que llegar a la irresistible conclusión de que el artículo 62 no protege los intereses de la apelante.

Pasemos ahora a discutir la segunda cuestión planteada. En nuestra opinión anterior, considerándola, dijimos:.

"¿Infringe el estatuto la garantía constitucional sobre debido proceso de ley? En otras palabras, ¿concede la ley al dueño o persona interesada en el vehículo el derecho de ser notificado y la oportunidad de ser oído en su defensa? Es verdad que el artículo 62 antes transcrito nada expresa sobre notificación y oportunidad de ser oído, pero el artículo 97 de la misma ley concede amplia y suficientemente esa oportunidad. Dicho artículo, en lo pertinente, dice así:

" 'Artículo 97.—Siempre que el Tesorero de Puerto Rico esté facultado por esta Ley para vender artículos o productos confiscados por él o por sus agentes, la persona agraviada podrá apelar ante la correspondiente corte de distrito, y dicha corte tendrá jurisdicción, después de ser oída la persona, para confirmar, revocar, o modificar la decisión del Tesorero. Dicha apelación deberá radicarse dentro de los diez (10) días siguientes a. la fecha de la notificación a la persona interesada.'

"Podría argüirse que la audiencia tiene efecto después de decretada la confiscación; pero esa circunstancia es inmaterial a los efectos de la garantía constitucional que nos ocupa. Lo esencial es

que la parte perjudicada tenga la oportunidad· de ser oída antes de· que el Tesorero disponga del vehículo. *American Surety Co.* v. *Baldwin*, 287 U. S. 156, 77 L. ed. 1289; *Chicago* v. *O' Connell*, 8· A.L.R. 916.

"Es verdad que el artículo 97 no expresa en qué fecha se hará. la notificación a la persona o personas interesadas, pero disponiendo dicho precepto que la apelación se interpondrá dentro de los ·diez· días siguientes a la notificación, tal disposición claramente implica el deber, por parte del Tesorero, de notificar a las partes interesadas, y mientras tal notificación no se verifique, no se extingue el término· para apelar, y mientras esté pendiente la apelación, la confiscación no es firme y el Tesorero no puede disponer del vehículo en perjuicio· de los interesados en dicha propiedad." (Págs. 701–2.)

A lo dicho entonces podemos agregar ahora que cuando· un estatuto, como sucede con el que nos ocupa, no provee· expresamente la notificación a las partes interesadas, dicho estatuto no será declarado inconstitucional por ese motivo, si el requisito de la notificación fácilmente se infiere de su contexto. *Smith* v. *State Board of Medical Examiners* (Iowa, 1908) 117 N. W. 1116, 1117, y casos citados. *Cf. Paulsen* v. *Portland*, 149 U. S. 30, 37 L. ed. 637; *The Japanese Immigrant Case*, 189 U. S. 86, 100; *United States* v. *Delaware & Hudson Co.*, 213 U. S. 366, 408; *Bratton* v. *Chandler*, 260· U. S. 110; *Toombs* v. *Citizens Bank*, 281 U. S. 643.

A este efecto, se observará que el artículo 97, supra, al establecer el procedimiento para revisar la decisión del Tesorero, prescribe:

"Dicha apelación deberá radicarse *dentro de los diez (10) días siguientes a la fecha de la notificación.*"

Ante tan terminante disposición, ¿puede sostenerse acaso· que no se infiera de nuestro ·estatuto el requisito de la notifi-- ficación?

El hecho de que el estatuto no describa los detalles del procedimiento a seguir ante la corte de distrito no afecta su validez. Basta con que no contenga ninguna disposición indicativa de que el procedimiento ha de ser *ex parte* o sin una.

razonable oportunidad a las partes para ser oídas. En tales condiciones, la corte tendrá una amplia discreción con referencia a la forma de la notificación y a la manera de conducir los procedimientos. *Smith* v. *State Board of Medical Examiners*, supra, pág. 1118; *Paulsen* v. *Portland*, supra, pág. 39.

*Lo expuesto nos lleva a la misma conclusión a que llegamos en nuestra decisión anterior, es decir, a que procede desestimar el recurso y confirmar la resolución apelada.*