AUGUSTO SÁNCHEZ OTERO, demandante y apelado, *v.* TESO-RERO DE PUERTO RICO, demandado y apelante.

Núm. 10214.—*Sometido:* Diciembre 1, 1950.—*Resuelto:* Febrero 6, 1951.

*Hon. Procurador General Interino José C. Aponte y M. Rodrí-guez Alberty, Procurador General Auxiliar,* abogados del apelante; *J. Ramírez Santibáñez y A. E. Franco Cabrero,* abogados del apelado.

134

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelado en este recurso, dueño de un automóvil público asegurado, se dedicaba al transporte de pasajeros entre el Barrio Cordillera de Ciales y dicho pueblo. En ocasión en que el apelado se dirigía de Cordillera a Ciales, abordó el vehículo un pasajero que traía varios paquetes, indicándole el apelado que los pusiera en el piso del automóvil, donde descansan los pies de los pasajeros que ocupan el asiento trasero. Poco después, la policía mandó a parar el automóvil y al registrar los paquetes que había traído el pasajero, encontró que contenían ron cañita sin que se hubiera satisfecho el arbitrio impuesto por la Ley de Espíritus y Bebidas Alcohólicas de 1936 (Leyes de 1936 (2) pág. 45), siendo conducidos el pasajero y el apelado ante el Juez Municipal de Ciales. Ambos individuos fueron denunciados por infracción a la referida ley, siendo sentenciado el pasajero y absuelto el apelado.

El Tesorero de Puerto Rico basándose en la sección 62 de la citada ley, (1) ordenó la confiscación del vehículo el cual había sido ocupado por el policía desde que el apelado fué sorprendido transportando el licor. Con tal motivo, el apelado instó este pleito en la corte inferior, solicitando que se anulase la confiscación decretada por el Tesorero y se le devolviese el automóvil.

---

(1) El artículo 62 de la Ley de Bebidas de Puerto Rico, según fué enmendado por la Ley núm. 244 del 12 de mayo. de 1945 (pág. 817), lee así:

"El Tesorero queda por la presente autorizado para confiscar cualquier vehículo, bote, lancha de motor, caballo o bestia, o cualquier embarcación marítima o aérea que se capture cargado, o en el momento de cargar o descargar o de estar transportando, llevando o trasladando espíritus destilados o bebidas alcohólicas fabricados, importados, destilados o rectificados ilegalmente y sobre los cuales no se hubieren pagado los impuestos prescritos por esta Ley; y los mismos serán vendidos en pública subasta para beneficio de El Pueblo de Puerto Rico; *Disponiéndose,* que el Tesorero, a su discreción, y si el servicio público así lo requiere, podrá designar aquellos vehículos, botes, lanchas de motor, caballos, que estimare necesarios para uso oficial de los funcionarios o empleados debidamente autorizados del Departamento de Hacienda."

El tribunal inferior, luego de un juicio en sus méritos, declaró con lugar la demanda y en consecuencia decretó la devolución del vehículo al apelado. En sus conclusiones de hecho declaró probado que del conjunto de la evidencia, era indudable que el dueño y conductor del vehículo no tuvo conocimiento ni participación en el transporte del licor, habiendo transportado dichos bultos en la creencia de que se trataba de los paquetes que acostumbran llevar los pasajeros para ser conducidos con ellos a su punto de destino.

Invocando nuestra decisión en el caso de *General Motors Acceptance* v. *Brañuela et al.*, 61 D.P.R. 725 y otras en el mismo sentido emitidas por tribunales del continente, el Tesorero solicita que revoquemos la sentencia de la corte inferior y declaremos válida la confiscación.

■■ Al iniciar la discusión, parece conveniente hacer un breve resumen del caso de *General Motors Acceptance*. En aquél, Caribe Motors vendió a Petra Brañuela un automóvil bajo un contrato de venta condicional. Posteriormente la vendedora condicional cedió a *General Motors Acceptance* sus derechos en el referido contrato. Algún tiempo después el automóvil fué confiscado por el Tesorero de Puerto Rico por haberlo utilizado el chófer, Juan Reyes Maldonado, en la transportación de treinta y cinco galones de alcohol en violación de la Ley de Espíritus y Bebidas Alcohólicas. Después de la confiscación, *General Motors* instó procedimiento de reposesión contra el Tesorero, en cuya posesión se hallaba el automóvil, y contra la compradora condicional, Petra Brañuela. Alegó en su petición la venta condicional hecha por Caribe Motors a favor de Brañuela, la cesión que de sus derechos en el contrato le hiciera Caribe Motors; el incumplimiento del contrato por parte de Brañuela al dedicar o permitir que se usara el automóvil en la transportación ilegal de alcohol, alegando además que la compradora le adeudaba la cantidad de $528.12 y que el vehículo había sido confiscado por el Tesorero. La corte de distrito desestimó la petición de reposesión y habiendo apelado General Motors Ac-

ceptance para ante este Tribunal, la sentencia fué confirmada. Basamos la confirmación en que el procedimiento de confiscación a que se refiere el artículo 62 antes citado, va dirigido contra el vehículo en sí y no contra su dueño o las personas que puedan tener algún derecho sobre el mismo; que los derechos del dueño y de los terceros interesados no están protegidos contra la confiscación, excepto en aquellos casos en que se demuestre que la posesión del vehículo fué obtenida por el infractor de la ley sin el consentimiento expreso o implícito del dueño o tercero interesado. En otras palabras, que si el dueño o tercero interesado directa o indirectamente han puesto el vehículo en la posesión del infractor, los derechos de aquéllos, aunque personalmente fueren inocentes de la infracción, corren la suerte del uso a que el vehículo pueda ser dedicado por la persona a quien le fué confiado. A *contrario sensu*, si la persona a cargo del vehículo es inocente de la infracción cometida, no procede la confiscación en perjuicio del dueño o tercero reclamante inocente.

██ No obstante la diferencia entre los hechos del presente caso y el de *General Motors Acceptance* v. *Brañuela*, supra, la doctrina establecida en este último, nos da la luz necesaria para la solución del problema que ahora nos ocupa. Es claro, a nuestro juicio, que si la confiscación no procede cuando la persona a cargo del vehículo ni el reclamante tienen conocimiento ni motivos para conocer el uso ilegal para el cual se utilizó el vehículo, tampoco debe proceder la confiscación cuando la persona a cargo del vehículo es el propio dueño quien es inocente de la infracción como sucede en el presente caso. Parece conveniente consignar que la culpabilidad o inocencia de la persona a cargo del automóvil, es una cuestión de hecho, que debe surgir de la evidencia, *Vandevander* v. *United States*, 172 F.2d 100 (C.C.A. 5, 1949).

*Procede la confirmación de la sentencia.*