# 95 DTA 98

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE ARECIBO Y UTUADO**

PUERTO RICAN CARS
Demandante-Apelado

v.

E.L.A. DE PUERTO RICO
Demandado-Apelante

Núm. KLAN-95-00633

San Juan, Puerto Rico, a 15 de junio de 1995

Panel integrado por su presidente, Juez Arbona Lago,
y los Jueces Giménez Muñoz y Salas Soler

Arbona Lago, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### Antecedentes

La causa del epígrafe fue presentada ante este Tribunal en tiempo hábil aunque como recurso de *Certiorari* bajo el número KLCE-95-00084. Examinamos y decidimos expedir.

El Estado apelante recurre ante nos en contra de sentencia sumaria dictada en instancia declarando nula e ilegal la confiscación de un vehículo en el cual un pasajero invitado transportó billetes falsos mientras los hacía circular dentro del Municipio de Jayuya, Puerto Rico. Conductor y pasajeros fueron acusados por la comisión del mismo delito (Infracción al Art. 272 del Código Penal de Puerto Rico, posesión y traspaso de documentos falsificados). El pasajero hizo alegación de culpabilidad por el delito en grado de tentativa y el conductor quedó exonerado en vista preliminar.

Mediante Resolución del 10 de abril de 1995 resolvimos que se trata de un recurso en Apelación, gobernado por la Regla 14 de la parte II del Reglamento del Tribunal de Circuito de Apelaciones (3 de febrero de 1995) y no por la Regla de la parte III de dicho reglamento. Concedimos a la parte recurrida 30 días, a partir de la notificación de dicha resolución, para perfeccionar la Apelación con su alegato y también dispusimos que recurriéndose de una sentencia dictada en instancia a virtud de sentencia sumaria (Regla 36 de Procedimiento Civil) no es menester ordenar la exposición narrativa para el perfeccionamiento de este recurso. El 2 de mayo de 1995 dispusimos en cuanto a la conversión del epígrafe, de *certiorari* a apelación. Le correspondió el nuevo número KLAN-95-00633.

La apelada, Puerto Rican Cars, h/n/c Hertz Rent-A-Car, ha comparecido y el recurso está perfeccionado, por lo que luego de analizar la totalidad del expediente ante nos, a la luz de los alegatos de las partes, procedemos a resolver.

## Hechos

El 1 de febrero de 1994 Luis González Vázquez (González) alquiló de Hertz Rent-A-Car un vehículo marca Hyundai Excel del año 1994, tablilla BRH 631. Ese mismo día González, al control del vehículo y llevando como su invitado y pasajero al Sr. Danny Morales (Morales), condujo dicho automóvil dentro del Municipio de Jayuya, Puerto Rico, visitando establecimientos comerciales del área, en los cuales el pasajero Morales efectuó compras con dinero falso, que portaba sobre su persona, mientras González lo transportaba en el referido vehículo.

El ministerio público acusó a González y a Morales por infracción al delito señalado y se procedió a la confiscación del automóvil Hyundai. Puerto Rican Cars impugnó la confiscación y afianzó el vehículo.

En el proceso criminal contra González y Morales, específicamente en la etapa de la vista preliminar, no se encontró causa contra el conductor González y el pasajero Morales hizo alegación de culpabilidad por tentativa del delito imputádole. El ministerio fiscal no fue en alzada en cuanto a la no causa del conductor González, por lo que tal dictamen absolutorio en vista preliminar advino final y firme.

Previa moción de sentencia sumaria presentada oportunamente por Puerto Rican Cars en el trámite civil de impugnación de confiscación, el Tribunal Superior, Sala de Utuado, acogió el planteamiento del demandante y dictó sentencia sumaria el 6 de febrero de 1995, declarando nula e ilegal la confiscación de marras. En tiempo el Estado recurrió.

El ilustrado tribunal de instancia razonó de la siguiente forma:

*"... no se debe presumir que el conductor, Luis González Vázquez, tenía conocimiento de la posesión de los billetes falsos por el pasajero y no hizo nada para impedir el uso ilegal dado al vehículo por éste."*(pág. 2 de la sentencia)

*"Si bien es cierto que uno de los ocupantes del auto confiscado hizo alegación de culpabilidad por la tentativa del delito por el cual se le acusó, hay que hacer notar que al conductor no se le encontró nexo alguno con el delito de Posesión y Traspaso de Documentos Falsificados. Por lo tanto, el conductor no sabía ni tenía por qué saber que su acompañante tenía billetes falsos en su bolsillo."* (pág. 3 de la sentencia)

## Dictamen

En este tipo de acción *"in-rem, de naturaleza cuasicriminal"*, desde hace mucho tiempo se

han distinguido dos situaciones que vinculan al dueño de la cosa a la actividad delictual perseguida por la Ley Uniforme de Confiscaciones, a saber:

*"(i) Cuando el dueño o tercero interesado, con consentimiento expreso o implícito, directa o indirectamente, ha puesto el vehículo (la cosa) en la posesión del infractor. En tal caso, aunque tal dueño personalmente fuere inocente de la infracción, corre la suerte del uso a que el vehículo (la cosa) pueda ser dedicado directamente por la persona a quien voluntariamente se le confió el control, independientemente de cuan extensa sea dicha cadena de control."* Véase: *General Motors v. Brañuela,* 61 D.P.R. 725, *Metro Taxi v. Tesorero,* 73 D.P.R. 171. Llamemos a esta ***"Responsabilidad absoluta del dueño".***

*"(ii) Cuando la persona a la que directa o indirectamente el dueño le confió el control del vehículo (la cosa) **voluntariamente, permita, conozca o tenga razón para saber que un pasajero,** al que voluntariamente transporta, utiliza el vehículo (la cosa) para violar la ley. En tal caso, el dueño o tercero interesado igualmente corre la suerte del uso a que el vehículo (la cosa) es dedicado y de lo contrario, no."* Sánchez v. Tesorero, 72 D.P.R. 133. Llamemos a esta ***"Responsabilidad relativa del dueño".***

Resulta indispensable que así ello sea. De lo contrario toda actividad delictual puede ser impunemente auxiliada por vehículos (cosas) propiedad de terceros inocentes, en detrimento del orden público. En el caso que nos ocupa la doctrina exige al titular del automóvil velar a quién entrega la **posesión** del mismo (responsabilidad absoluta) y al poseedor en control legal, velar por los pasajeros a los que les facilita acceso (responsabilidad relativa) para prevenir que dicho objeto de transporte se utilice con propósitos ilegales. La doctrina también evita el abuso de la norma, cuando no exista entrega válida de la cosa o cuando luego de la entrega válida el uso ilegal por un tercero no fuere y no debiera ser del conocimiento de la persona entonces a cargo del automóvil.

Entendemos y resolvemos que el Hon. Tribunal de Instancia no incidió en error.

El procedimiento de confiscación que provee nuestra Ley de Confiscaciones es de carácter civil■ e *"in-rem".* Véase *E.L.A. v. Tribunal Superior,* 94 D.P.R. 717, 721 (1967). Es decir, en nuestra jurisdicción la confiscación va dirigida contra la cosa y no contra el dueño de ésta. Por esta razón, como ya mencionamos, la regla general es a los efectos de que los derechos del dueño corren la suerte del uso al que se somete el objeto. No empero, la severidad de dicho precepto ha sido atenuada en ciertas circunstancias particulares para evitar el abuso de la norma, como señaláramos. Así, en *Carlo v. Secretario de Justicia,* 107 DPR 356 (1978) se consideró la situación de un acusado, dueño del vehículo confiscado, el cual fue absuelto de la causa criminal en los méritos y luego de ello se pretendió continuar con la acción civil de confiscación, amparándose en que la segunda conlleva un *quántum* de prueba menor. El Tribunal Supremo, al sostener la determinación del Tribunal de Instancia al efecto de que la adjudicación en el caso criminal dispuso también de la confiscación civil expresó:

*"La absolución en los méritos adjudica con finalidad irrevisable el hecho central, tanto del caso criminal como el de confiscación, de que el vehículo no se utilizó para transportar mercancía ilícita. Daría lugar a una anomalía resolver bajo estas circunstancias que no habiéndose probado en el primer caso que el acusado utilizara el vehículo para transportar material relacionado con el juego, hubiese de enfrentarse todavía a la misma cuestión en la demanda de impugnación. One Plymouth Sedan, supra, pág. 701. La doctrina de impedimento colateral por sentencia exige la desestimación del segundo proceso, aún cuando tenga por objeto un delito distinto, si al resolverse el caso anterior se adjudicaron y determinaron hechos necesariamente decisivos para el segundo. Pueblo v. Lugo, 64 D.P.R. 554, 559-560 (1945). Pueblo v. Ortiz Marrero, 106 D.P.R. 140 (1977). No podrá disminuirse el valor y consecuencia de la sentencia absolutoria recaída sobre el hecho medular de ambos*

*procedimientos --que el acusado no transportó objetos prohibidos en su automóvil-- por lo que la confiscación debe anularse, toda vez que no puede ponérsele en riesgo de ser castigado dos veces por el mismo delito (Const., Art. II, Sec. 11), y la subsistencia de la confiscación vulneraría los preceptos constitucionales que excluyen la privación de propiedad sin debido proceso (Art. II, Sec. 7); o su toma sin mediar justa compensación (Art. II, Sec. 9).*

*En términos de vindicación de derechos del acusado y su restitución al pleno disfrute de su libertad personal, nada supera la absolución decretada en juicio en los méritos, producto de la depuración de hechos por el juzgador".*

En la reciente Opinión de *Del Toro v. E.L.A., supra,* se resolvió que una determinación de no causa para acusar a un imputado, que adviene final y firme, constituye cosa juzgada en su modalidad de impedimento colateral por sentencia. Al elaborar tal doctrina el Tribunal expresó que:

*"[e]l efecto de lo antes indicado es que la determinación de no causa final y firme de un imputado constituye una determinación judicial que deja a éste libre, **independientemente de si es una en los méritos o no.***

*El fundamento sobre el cual descansa la confiscación ha desaparecido al ser exonerado el imputado del delito que precisamente justificó la incautación del automóvil por parte del Estado.*

*Además, para propósitos de una confiscación, la determinación de no causa de la vista preliminar, en específico ante las circunstancias como las del caso que nos ocupa, donde el dueño del vehículo es un tercero tiene el mismo efecto que la absolución en los méritos de un acusado, dueño del vehículo, conforme fue resuelto en Carlo v. Secretario de Justicia, supra. Sin duda, el sostener la confiscación del automóvil en circunstancias como las de este caso, constituiría una pena aplicada al dueño inocente. El automóvil no es en sí mismo un objeto peligroso cuya confiscación cumpla el objetivo remedial que el Tribunal Supremo de Estados Unidos reconoció en la citada opinión de U.S. v. One Assortment of 89 Firearms, supra."*

Si el conductor González hubiera sido el único ocupante del vehículo en la fecha y hora pertinente su exoneración en el trámite criminal hubiera dispuesto del trámite de confiscación, como se dispuso en instancia y sin complicación.█ No obstante, la situación de hechos ante nos cuenta con otro elemento importante y pertinente que varía la explicación, pero no la ecuación jurídica. Ello lo concreta la presencia del pasajero invitado█ de González, señor Morales, quien indubitadamente transportó en su persona y en el vehículo incautado billetes falsos, los que circuló en por lo menos dos establecimientos comerciales a los que llegó sobre las ruedas del automóvil Hyundai, tablilla BRH 631, manejado por González.

Luego de lo resuelto en *Del Toro v. E.L.A supra,* la exoneración del conductor González en Vista Preliminar, dentro del particular proceso *"in-rem, civil, cuasi-criminal"* que nos ocupa, equivale a determinar que González *"... no sabía ni tenía por qué saber que su acompañante tenía billetes falsos en su bolsillo",* conforme bien resolvió instancia. De lo contrario, no queda justificada la absolución de González en vista preliminar, proceso en donde existe un grado de apreciación de prueba y adjudicación en los méritos. Tal archivo, forzosamente, **significa que no hay prueba creíble que vincule al conductor González con los actos delictivos de su pasajero Morales.** De lo contrario, habría causa probable contra el conductor González. Ello activa la excepción de *Sánchez v. Tesorero,* 72 D.P.R. 133. Se trata aquí de un caso de responsabilidad relativa, en la que exenta de cualquier participación en la actividad delictiva la persona en control del vehículo, exonera también de responsabilidad *"in*

*rem"* al dueño de la cosa.

Por los fundamentos aquí expuestos se dicta la presente y se confirma la sentencia de instancia dictada el 6 de febrero de 1995 por el Tribunal de Primera Instancia, Sala Superior de Utuado. Se devuelve el mandato a instancia para continuación de los procedimientos.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 98

**1.** De las denuncias por infracción del Art. 272 del Código Penal de Puerto Rico surge que el 1 de febrero de 1994 a las 10:40 a.m. le compró a Iris Pagán González una alcapurria y 2 empanadillas, pagando con un billete de $20 falso y a las 11:15 a.m. compró a Luis Rosario González dos pedazos de pan de maíz, pagando con otro billete de $20 falso.

**2.** En *E.L.A. v. Tribunal Superior*, 94 D.P.R. 717, citándose de *Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, se dice: *"El Procedimiento de Confiscación es uno de naturaleza cuasicriminal, cuyo propósito es castigar por la comisión de un delito".*

**3.** *"Responsabilidad absoluta del dueño".*

**4.** *"Responsabilidad relativa del dueño".*