Negrón Soto, Juez Ponente
*1010 TEXTO COMPLETO DE LA SENTENCIA
El Estado Libre Asociado de Puerto Rico, en adelante E.L.A., solicita que revoquemos la Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 20 de mayo de 1999, notificada el 7 de junio siguiente, donde se declaró con lugar en reconsideración la demanda de impugnación de confiscación interpuesta por la Cooperativa de Ahorro y Crédito de Yauco, en lo sucesivo Cooperativa, y Universal Insurance Company. Por los fundamentos que se exponen a continuación, se confirma la Sentencia apelada.
Adoptamos como los hechos pertinentes de este caso, la atinada relación expuesta en el informe presentado por el Procurador General, la cual transcribimos a continuación.
I
La parte demandante, aquí apelada, Coop, de Ahorro y Crédito de Yauco y Universal Insurance Company, presentaron demanda de impugnación de confiscación contra el Estado Libre Asociado de Puerto Rico, el 12 de diciembre de 1997. Alegó que había sido informada que el vehículo Mitsubishi Mirage 1996, tablilla CDJ752, había sido confiscado. Dicho vehículo era de la propiedad de la Coop, de Ahorro y Crédito de Yauco quien tenía un contrato con Edwin Pérez Hernández de venta condicional al momento de la confiscación. Alegó que la co-demandante Universal Insurance Company tenía una póliza de seguros expedida para cubrir el riesgo de confiscaciones a favor de la entidad bancada. Alegó que la referida confiscación era nula e inconstitucional, y que la tasación del carro era improcedente.
El 28 de enero de 1998, el Estado Libre Asociado contestó la demanda, negó en parte las alegaciones y alegó que el acto de la confiscación fue llevado a cabo en el ejercicio de un deber ministerial hecho de buena fe y con la autoridad que le confiere al Estado, la Ley Uniforme de Confiscaciones, Ley Núm. 93, de 13 de julio de 1988, según enmendada, 34 L.P.R.A. sec. 1723.
Iniciado el descubrimiento de prueba, la parte demandante-apelada presentó “Moción Solicitando Sentencia Sumaria”. Alegó que el vehículo confiscado fue utilizado en violación a la Ley de Armas de Puerto Rico. Que por tales hechos fueron acusados los señores Angel Castro Morales (poseedor y conductor), el Sr. *1011 José Pagán Suárez y el Sr. Juan Rosado Alicea. Angel Castro Morales resultó absuelto de los cargos que pendían contra él. Que a éste le cobija la defensa del tercer inocente conforme a la jurisprudencia y que por ello le solicitaba sentencia a su favor ordenando la devolución de la propiedad ocupada o, en su defecto, el valor de tasación.
El 9 de septiembre de 1998 el Estado presentó “Oposición a Solicitud de Sentencia Sumaria y en Solicitud de Desestimación de la Demanda”.
Expuso a cabalidad la doctrina del proceso de confiscación. Alegó que no procedía la sentencia sumaria a favor del demandante-apelado, toda vez que ocurrió una acción delictiva en el vehículo confiscado, ya que uno de los pasajeros resultó culpable por la Ley de Armas.
El 28 de octubre de 1998, se señaló para la discusión de las mociones.
El 23 de febrero de 1999, archivada en autos y notificada el 25 de febrero de 1999, el Honorable Tribunal de Instancia emitió sentencia favorable al Estado, toda vez que la absolución del conductor del vehículo no conlleva la nulidad de la acción civil de confiscación.
Con fecha de 2 de marzo de 1999, la parte demandante-apelada presentó “Moción de Reconsideración”. El Estado presentó “Oposición a Moción de Reconsideración”. Mediante Orden de 6 de abril de 1999, archivada en autos y notificada el 8 de abril de 1999 se acogió la “Moción de Reconsideración” de la parte demandante-apelada.
El 28 de abril de 1999, el Estado presentó “Segunda Moción en Oposición a Solicitud de Reconsideración. ”
El 20 de mayo de 1999, el Honorable Tribunal de Instancia emitió la sentencia de la cual apelamos. Resolvió que habiéndose declarado absuelto al conductor poseedor, no procedía la confiscación.
Inconforme, el E.L.A. presentó ante nos el 9 de julio de 1999 esta apelación. Solicita la revocación de la Sentencia emitida el 20 de mayo de 1999, notificada el 7 de junio siguiente, porque considera que el Tribunal de Primera Instancia erró al:
"... concluir que aplicaba al caso de autos la doctrina de impedimento colateral por sentencia que exigía la desestimación del proceso de impugnación de confiscación.

... resolver sumariamente el caso de autos sin la correspondiente prueba, toda vez que existen en la controversia de autos hechos materiales en controversia. ”

La Cooperativa y Universal Insurance Company, en lo sucesivo demandantes-apelados, en su escrito de réplica alegan que carecemos de jurisdicción para considerar este recurso. Mediante Resolución de 16 de septiembre de 1999, le ordenamos al Procurador General que se exprésase sobre esa cuestión jurisdiccional, lo cual hizo. Procede resolver, en primer lugar, el planteamiento jurisdiccional.
II
Sostienen los apelados que no tenemos jurisdicción para considerar el recurso ante nos ya que el recurso procedente era él de certiorari, el cual tenía un término reglamentario de treinta (30) días dispuesto para ello y no el de apelación, presentado por el E.L.A. A esos efectos, citan los Artículos 11 y 12, de la Ley Núm. 93 de *1012 13 de julio de 1988, 34 L.P.R.A. secs. 1723i y 1723j, los cuales disponían para la fecha de ocurrencia de los hechos así:

“Artículo 11.- En caso de impugnación judicial de la confiscación, el Tribunal, a petición del demandante y previa audiencia de las partes, determinará la razonabilidad de la tasación como un incidente del pleito de impugnación.

Artículo 12.-La sentencia podrá ser revisada mediante el recurso de certiorari ante el Tribunal Supremo, limitado a cuestiones de derecho. ”

No le asiste la razón. Veamos.
El Plan de Reorganización Núm. 1, Ley de la Judicatura de 1994, 4 L.P.R.A. secs. 1 et seq., reorganizó y reestructuró la Rama Judicial, constituyéndose el Tribunal de Primera Instancia, el Tribunal de Circuito de Apelaciones, como tribunal intermedio, y el Tribunal Supremo, como foro de última instancia. Santiago Pérez v. Palmas del Mar Properties, Inc., 97 J.T.S. 125, a la pág. 43. Este Plan de Reorganización tuvo como uno de sus propósitos "... el establecer un derecho de apelación amplio, que abarcase, tanto los casos criminales como los civiles. ” IbId., En atención a ello se dispuso en el Artículo 4.002 (a), 4 L.P.R.A. sec. 22k.(a), que el Tribunal de Circuito de Apelaciones tendrá jurisdicción para revisar “mediante recurso de apelación ... toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de abolición. ” Santiago Pérez v. Palmas del Mar Properties, Inc., supra. “De otra parte, con el obvio propósito de uniformar los trámites en el Artículo 10.002 se estableció una cláusula derogatoria: “...toda ley o parte de ley que [fuese] contraria a lo dispuesto en [el Plan de Reorganización Núm. 1 ] queda derogada”. Ibid.
El Plan de Reorganización Núm. 1 fue enmendado por la Ley Núm. 248 de 25 de diciembre de 1995, para “garantizar a todos los ciudadanos justicia igual y rápida, así como un fácil acceso a los servicios que presta la Rama Judicial. ” Exposición de Motivos, Ley Núm. 248 de 25 de diciembre de 1995. El Artículo 4.002 de dicha ley, 4 L.P.R.A. sec. 22k.(a), estableció que el Tribunal de Circuito de Apelaciones “conocerá en los siguientes asuntos: (a) Mediante recurso de apelación de toda sentencia final dictada en casos originados en el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición. ” De otro lado, la Ley Núm. 249 de 25 de diciembre de 1995 dispuso en su exposición de motivos que el Plan de Reorganización Núm. 1 de la Rama Judicial fue hecho con el propósito, entre otros, de "... conceder a los ciudadanos un derecho a apelar casos civiles y criminales, mediante la revisión por un panel de tres jueces de la decisión tomada por un sólo juez...”.
En fin, habiendo sido uno de los cambios fundamentales de la Ley de la Judicatura, el “eliminar el recurso de revisión discrecional de las sentencias finales en casos civiles dictadas por el Tribunal de Primera Instancia (Superior y de Distrito, en abolición), al Tribunal Supremo, y restaurar como cuestión de derecho, la apelación al Tribunal de Circuito de Apelaciones”, concluimos que el recurso adecuado para atender la solicitud de revocación de una sentencia final del Tribunal de Primera Instancia presentada por el E.L.A. es el recurso de apelación a ser presentado en este Foro apelativo. Rivera v. E.L.A., 96 J.T.S. 27, a la pág. 742. Ello dentro del término razonable de sesenta (60) días que tiene el Estado para acudir en alzada ante este Foro. Almodovar Marchany v. Warren Electric Co., 96 J.T.S. 75.
Habiendo el E.L.A. presentado su recurso de apelación dentro de dicho término jurisdiccional, tenemos jurisdicción para considerarlo.
*1013 Examinemos los errores imputados por el E.L.A. al Foro de instancia.
III
La Ley Uniforme de Confiscaciones, Ley Núm. 93 de 13 de julio de 1988, 34 L.P.R.A. sec. 1723, et seq., establece que será confiscada a favor del E.L.A.:

“[t]oda propiedad que sea utilizada en relación a la comisión de delitos graves y de aquellos delitos menos graves en que por ley se autorice la confiscación, cuando tales delitos graves y menos graves estén tipificados en las sees. 3001 et seq. del Título 33, en las leyes de sustancias controladas, de armas y explosivos, en las leyes contra el crimen organizado, en las leyes de juegos prohibidos, bebidas alcohólicas, leyes fiscales, leyes contra la apropiación ilegal de vehículos, leyes de vehículos y tránsito y de embarcaciones así como otras leyes y aquella propiedad que esté sujeta a una sentencia de confiscación que así lo autorice...

En nuestra jurisdicción, hemos establecido reiteradamente que el procedimiento de confiscación de la Ley Uniforme de Confiscaciones, supra, en de carácter in rem, es decir, va dirigido contra la cosa misma y no contra el dueño de la propiedad, su poseedor, encargado o cualquier otra persona con algún interés legal sobre la misma.” General Accident Insurance Co. v. E.L.A., 94 J.T.S. 140, a la pág. 410. No obstante, esta norma ha sido atenuada tanto en Puerto Rico como en los Estados Unidos, por considerarse de carácter punitivo, siendo, por lo tanto, interpretada de manera restrictiva. Pueblo v. González Cortés, 95 D.P.R. 164, 168; Carlo v. Srio de Justicia, 107 D.P.R. 356, 361 (1978). Ello es así, pues mediante “la confiscación, el Estado priva de la propiedad a su dueño sin compensación, aunque, claro está, mediando el debido procedimiento de ley de ser notificado y oído. ” Pueblo v. González Cortés, supra, a las págs. 167-168 (1967).
En Jorge E. Mangual Ramírez v. Estado Libre Asociado de Puerto Rico, Núm. KLAN-96-00620, Sentencia de 9 de agosto de 1996, (Circuito Regional de Arecibo y Utuado, Arbona Lago, Juez Ponente) , nuestro Foro apelativo, al considerar un caso similar al de marras expuso muy acertadamente que en este tipo de acción de naturaleza cuasi criminal “se han distinguido dos situaciones que vinculan al tercero inocente, dueño de la cosa, con la actividad delictual en que se utilizó la cosa, y por ello la cosa también es también perseguida por la Ley Uniforme de Confiscaciones”, las cuales enumera y nosotros, por entender son correctas las adoptamos, a saber:
“(i) Cuando el dueño o tercero interesado, con consentimiento expreso o. implícito, directa o indirectamente, ha puesto el vehículo (la cosa) en la posesión del infractor. En tal caso, aunque el dueño personalmente fuere totalmente inocente de la infracción, su título de propiedad sobre el vehículo corre la suerte del uso a que el vehículo fue dedicado, directamente por la persona a quien voluntariamente se le confió la posesión y el control; independientemente de cuán extensa pueda ser la cadena de traspaso de control, en caso de que la primera persona lo confíe en otra, etc. Véase: General Motors v. Brañuela, 61 D.P.R. 725; Metro Taxi v. Tesorero, 73 D.P.R. 171. Llamemos a esta, “Responsabilidad Absoluta del dueño”.
ii) Cuando la persona a la que directa o indirectamente el dueño le confió el control del vehículo voluntariamente permita, conozca, o tenga razón para saber que un pasajero al que voluntariamente transporta, utiliza el vehículo para violar la ley. En tal caso, el título de propiedad del dueño o tercero interesado en el vehículo, igualmente corre la suerte del uso a que el vehículo fue dedicado; pero no procederá la confiscación en el caso contrario, cuando voluntariamente no se permita, se desconozca o no se tenga razón para saber que el pasajero utiliza el vehículo para violar la ley. Sánchez v. Tesorero, 72 D.P.R. 133. Llamemos a esta, “Responsabilidad Relativa del dueño”.
Teniendo clara la doctrina general sobre confiscaciones, consideremos si erró el Tribunal de Primera *1014 Instancia al dictar sentencia sumaria en el caso. (Segundo señalamiento de error)
IV
La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que un tribunal podrá dictar sentencia sumaria si:

“...las alegaciones, disposiciones [deposiciones], contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente...”.

El propósito de una moción de sentencia sumaria es “propiciar la resolución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales; por lo tanto, no ameritan la celebración de un juicio en su fondo. ” Pilot Life Ins. Co. v. Crespo Martínez, 94 J.T.S. 104, págs. 20-21.
En Piñero González v. A.A.A., 98 J.T.S. 140, pág. 216, nuestro más Alto Foro resumió las normas relativas a la sentencia sumaria, de la manera siguiente:
“Reiteradamente hemos expresado que las Reglas 36.1 y 36.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, permiten a los tribunales dictar una sentencia mediante la cual dispongan total o parcialmente de determinada reclamación sin necesidad de celebrar un juicio en sus méritos. Así pues, procede dictar sentencia sumariamente cuando no exista una controversia real sustancial respecto a ningún hecho material. Al considerar la moción de sentencia sumaria se tendrán como ciertos los hechos no controvertidos que consten en los documentos y las declaraciones juradas ofrecidas por la parte promovente. La parte opositora, a su vez, debe presentar documentos y declaraciones juradas que controviertan los presentados por la parte promovente. HMCA v. Ileana Colón Carlo, Op. de 30 de junio de 1993, 135 D.P.R. _ (1993), 93 J.T.S. 112. Si la parte opositora se cruza de brazos, corre el riesgo de que se dicte sentencia en su contra sin la celebración de una vista en su fondo. Mercado Vega v. U.P.R., 128 D.P.R. 273, 281 (1991). Ahora bien, la sentencia sumaria sólo debe dictarse en casos claros y cualquier duda sobre si un hecho ha sido o no contradicho, debe resolverse en contra de la parte promovente. Rivera Santana v. Superior Packaging, Inc., 132 D.P.R. 115 (1992). Por otro lado, se puede dictar sentencia sumaria a favor de la parte no promovente, si de los documentos presentados en apoyo de la moción surge que no existe controversia en cuanto a los hechos esenciales y, como cuestión de derecho, procede que la misma se dicte a favor de dicha parte. Consejo Tit. C. Parkside v. MGIC Fin. Corp., 128 D.P.R. 538, 549 (1991). ”
En el caso de marras no existía controversia de hecho alguna por determinarse. Los hechos estaban claros en cuanto a que los señores Angel Castro Morales, José Pagán Suárez y Juan Rosado Alicea habían sido acusados por violación a los Artículos 6 y 8 de la Ley de Armas, 25 L.P.R.A. sec. 416 y 418; que Angel Castro Morales, poseedor y conductor del vehículo confiscado, resultó absuelto de los cargos que habían sido interpuestos en contra suya, y que a uno de éstos, el pasajero del asiento trasero, le fueron archivados los cargos al. amparo de la Regla 247(a) de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y al otro, el pasajero del asiento delantero, fue hallado culpable de los cargos radicados en su contra. Establecida la situación fáctica, sólo quedaba por dilucidar si ante ésta aplicaba la doctrina de impedimento colateral por sentencia y cuál sería la consecuencia de la aplicación ante la Ley Uniforme de Confiscaciones, 24 L.P.R.A. secs. 1723 et seq., y su jurisprudencia interpretativa.
En atención a lo antes mencionado y sólo quedando por resolverse el derecho aplicable concluimos que no erró el Tribunal de Primera Instancia, Sala Superior de Ponce, al dictar sentencia sumaria en el caso ante nos.
*1015 Consideremos ahora si el Tribunal de Primera Instancia erró al aplicar la doctrina de impedimento colateral por sentencia y, en consecuencia, al declarar con lugar la impugnación de la confiscación efectuada.
V
La doctrina de cosa juzgada por ser de estirpe civilista, según estatuida en el Artículo 1204 del Código Civil, 31 L.P.R.A. see. 3343, dispone que: “[pjara que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las Causas, las personas de los litigantes y la calidad con que lo fueron. ”
Es sabido que una adjudicación final y firme en un caso criminal que favorezca a un acusado es determinante en el pleito civil sobre impugnación de la confiscación, ya que éste se ampara en los hechos determinados en el primero y, en consecuencia, es aplicable la defensa de impedimento colateral. Carlo v. Srio. de Justicia, 107 D.P.R. 356 (1978). A esos efectos, “[l]a doctrina de impedimento colateral por sentencia exige la desestimación del segundo proceso, aun cuando tenga por objeto un delito distinto, si al resolverse el caso anterior se adjudicaron y determinaron hechos necesariamente decisivos para el segundo. ” Carlo v. Srio. de Justicia, supra, pág. 363. Ello ya que no puede ponerse al acusado “en riesgo de ser castigado dos veces por el mismo delito (Const., Art. II, Sec. 11), y la subsistencia de la confiscación vulneraría los preceptos constitucionales que excluyen la privación de propiedad sin debido proceso (Art. II, Sec. 7); o su toma sin mediar justa compensación”. Carlo v. Srio. de Justicia, supra, pág. 364; Del Toro Lugo v. E.L.A., 94 J.T.S. 119, pág. 160. En fin, nuestro Tribunal Supremo ha afirmado que “[e]n términos de vindicación de derechos del acusado y su restitución al pleno disfrute de su libertad personal, nada supera la absolución decretada en juicio en los méritos, producto de la depuración de hechos por el juzgador. ” Carlo v. Srio. de Justicia, supra.
En el caso de autos, Angel Castro Morales, poseedor y conductor del vehículo, al igual que los otros dos pasajeros del vehículo confiscado, fueron acusados de violar los Artículos 6 y 8 de la Ley de Armas, Ibid. Posteriormente, el señor Angel Castro Morales, poseedor y conductor del vehículo, fue absuelto de los cargos por los cuales se le acusó. Ello implica que no se probó más allá de duda razonable que éste tuviese, poseyese, portase, transportara o conociese que un pasajero del vehículo portase, poseyese, transportase cualquier pistola, revólver u otra arma de fuego, arma cargada o municiones para éstas sin tener licencia expedida para ello.
A esos efectos, y concluyendo que no se logró probar que el conductor y poseedor del vehículo confiscado conociera o que voluntariamente usara el mismo para violar la ley, concluimos que procede la demanda de impugnación de confiscación. El atribuirle la posesión del arma que portaba un pasajero del automóvil, la cual desconocía, luego de haber sido absuelto de los cargos criminales que le fueron imputados, no está permitido por la doctrina de impedimento colateral. Debemos recordar que “la sentencia absolutoria en juicio tiene un valor y trascendencia que amparan no sólo la libertad, sino también el derecho de propiedad del absuelto, y que el automóvil no es por su naturaleza instrumento de crimen y sí un bien mueble destinado al aprovechamiento por su dueño en actividades lícitas. ” Del Toro Lugo v. E.L.A., supra.
En fin, habiéndose absuelto el poseedor y conductor del automóvil de los cargos imputados, luego de haberse probado que no conocía que un pasajero del vehículo portaba un arma ilegalmente, no procede la confiscación del mismo. (Responsabilidad Relativa del Dueño). 
VI
De conformidad a lo antes expresado, confirmamos la sentencia apelada.
El Juez Negroni Cintrón concurre con el resultado.
*1016 Así lo ordenó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 62
1. Esta actualmente establece:

“En caso de impugnación judicial de la confiscación, el tribunal, a petición del demandante y previa audiencia de las partes, determinará la razonabilidad de la tasación como un incidente del pleito de impugnación. La sentencia que recaiga sobre dicha impugnación podrá ser revisada mediante el recurso de certiorari ante el Tribunal Supremo, limitado a cuestiones de derecho. ”

2. El E.L.A. alega que la sentencia de este caso y la del caso titulado Angel L. Cardona Rosado v. E.L.A., Num. KLAN-98-01340, Sentencia de 28 de mayo de 1999, (Circuito Regional III de Arecibo y Utuado, Martínez Torres, Juez Ponente) son contradictorias. No le asiste la razón, ya que el primero trata sobre lo que se ha llamado la responsabilidad relativa del dueño y el segundo de la responsabilidad absoluta del dueño.
3. El Artículo 6, 25 L.P.R.A. sec. 416, dispone que:

“Toda persona que tenga o posea cualquier pistola, revólver u otra arma de fuego sin tener una licencia para ello expedida como más adelante se dispone, será culpable de delito menos grave, y si ha sido convicta con anterioridad de cualquier infracción a este capítulo o de cualquiera de los delitos especificados en la see. 427 de este título, o usare el arma en la comisión de uno de dichos delitos, será culpable de delito grave. ”

De otro lado, el Artículo 8, 25 L.P.R.A. sec. 418, establece que:

“Toda persona que porte, conduzca o transporte cualquier pistola, revólver o cualquier otra arma de fuego cargada, o que porte, conduzca o transporte cualquier pistola, revólver o cualquier otra arma de fuego y al mismo tiempo porte, conduzca o transporte municiones que puedan usarse para disparar tal pistola, revólver u otra arma de fuego, sin tener una licencia para portar armas expedida, según más adelante se dispone, será culpable de delito grave. ”

Finalmente, el Artículo 14 de la Ley de Armas, 25 L.P.R.A. sec. 424, indica que:

“La presencia en un vehículo de cualquiera de las armas, instrumentos o accesorios especificados en las sees. 414, 415, 416 419 y 420 de este título será evidencia prima facie de su posesión ilegal por todas las personas que se encuentren en dicho vehículo al momento en que se hallaren tales armas, instrumentos o accesorios, salvo que se tratare de un vehículo de servicio público que en ese momento estuviere transportando pasajeros mediante paga. Cuando una de las personas que se encuentren en dicho vehículo sea la que porte en su persona dicha arma, instrumento o accesorio y dicha persona lleve consigo una licencia válida para portar el arma, instrumento o accesorio así hallado, y no estuviere allí bajo amenaza, la presunción de posesión ilegal no cubrirá a las otras personas que se encuentren en dicho vehículo.

Nada de lo contenido en esta sección será aplicable a los funcionarios públicos, policías, soldados o personas autorizadas por este Capítulo para portar armas por razón de su cargo. ”

4. Debemos recordar que aun cuando los vendedores condicionales y los aseguradores de automóviles no son per se “terceros inocentes” protegidos contra la confiscación, la Ley de Ventas Condicionales, infra, los protege, ya que “el interés económico en el gravamen que poseen las entidades recurridas sobre los vehículos sujetos a venta condicional, no desaparece con la confiscación de los mismos, puesto que dicha Ley expresamente establece que el acreedor condicional en los casos de incumplimiento con el contrato, puede optar entre la reposesión del artículo o la acción judicial en cobro de dinero. 10 L.P.R.A. sec. 36. ” Del Toro Lugo v. E.L.A., supra, pág. 412.